In re House Resolution No. 25.

APPROPRIATION OF REVENUES TO THE SUPPORT OF STATE GOVERNMENT.— The legislature may legally appropriate, to the support of the state government for the next two years, all surplus revenues remaining after payment of previous appropriations. Answers to the remaining inquiries declined, as they involve the constitutionality of existing laws on which private rights are based, and ought not to be determined upon an *ex parte* application.

Three questions are embraced in the resolution.

The first has reference to the fiscal years from the revenues of which the appropriation for the support of the state government for the next two years may properly be made.

The second relates to the right of the state treasurer to credit county treasurers with moneys paid out by the latter for scalps under "An act for the destruction of wolves, coyotes, bears and mountain lions, and provide premium therefor." Approved April 18, 1889.

By the third, information is asked in reference to the salary of the state treasurer, the house being in doubt as to whether or not the present treasurer is entitled to the increase in salary provided by an act of the general assembly, approved January 13, 1891.

Per Curiam. The present fiscal year, which in our judgment may appropriately be called the fiscal year of 1891, commenced on December 1, 1890, and will end on November 30, 1891.

The general assembly may properly appropriate to the support of the state government for the fiscal years 1891 and 1892 any surplus remaining after the payment of previous appropriations, and all revenues coming into the state treasury for those years, including the amounts to be derived from the taxes hereafter to be levied for said years, as provided by that body. For example, the taxes to be levied for the present fiscal year may be applied to the payment of appropriations for the fiscal year of 1891, although such taxes will not be delinquent until the year 1892.

An answer to either the second or third inquiries would involve a determination of constitutional questions in reference to existing laws. Private rights are based upon these laws, which ought not to be determined upon an *ex parte* application such as this is. As a general rule, such rights should only be decided in due course of litigation after the parties to be affected by the result have been accorded a full hearing. *In re District Attorneys*, 12 Colo. 466.

Under the circumstances we do not feel at liberty to express an opinion upon the matters embraced in such questions, and therefore respectfully request your honorable body to withdraw the same.