IN RE PRIORITY OF LEGISLATIVE APPROPRIATIONS.

1. CONSTITUTIONAL LAW.

A careless construction and application of the constitutional provision relating to responses to executive questions might lead to the *ex parte* adjudication of private rights by means of a legislative or executive question, without giving the party interested his day in court.

2. SAME.

To some extent the answers of the court to legislative and executive questions are given the force and effect of judicial precedents.

3. SAME—EXCESSIVE APPROPRIATIONS.

Appropriations in excess of the limits prescribed in the constitution are absolutely void; if, however, the appropriation made by the ninth general assembly exceeded the estimated revenues for the years 1893 and 1894, as all cannot be paid, a question of preference between claimants is involved that cannot be determined in this proceeding.

4. PRACTICE—ADVANCING CAUSES.

If public interests require it, a cause may be advanced and a speedy determination had, both in the trial court and upon appeal, should an appeal be taken.

*Original Proceeding.*

THE opinion was rendered in response to the following communication from the governor:

"EXECUTIVE DEPARTMENT—STATE OF COLORADO.
                                        "Sept. 19, 1893

"To the Honorable Supreme Court of the State of Colorado.

"*Whereas:* Difference of opinion exists in the executive department as to the matters hereinafter stated, and

"*Whereas:* Great doubt exists as to the proper duties of

the governor, auditor and other officers of said department in the premises, and

" *Whereas:* By reason of such doubt and differences of opinion suits have been and are constantly being brought against the auditor on special acts of the legislature, but such special proceedings do not enable the auditor to properly decide as to his proper course of proceeding generally, and

" *Whereas:* Said suits involve the state and its officers, as well as private persons, in long litigation and much expense and trouble, whereby the state is injured in its name, credit and resources, and

" *Whereas:* The laws relating to such matters are much confused and a correct rule of proceeding of great public importance.

" *Now, Therefore,* I, Davis H. Waite, Governor of the State of Colorado, do certify that the questions submitted are important and arise upon a solemn occasion. I request therefore, the opinion of the honorable court in answer to the following questions, viz.:

" *Whereas:* The ninth general assembly of the state of Colorado passed the following bills without emergency clause, creating new offices and making appropriations for the same:

" House bill No. 120—An act to regulate the manufacture and sale of oleomargarine, etc., page 351 Session Laws of Colorado, 1893.

" Senate bill No. 173—An act to create a state board of health and define its powers, duties, etc., page 397 Session Laws of Colorado, 1893.

" Before the bills became a law owing to the absence of the emergency clause, the total amount appropriated by the legislature for the fiscal years 1893 and 1894 for the necessary expenses of the executive, legislative and judicial departments, state institutions and relief of sundry parties exceeded the estimated revenue for the fiscal years 1893 and 1894.

" 1. Should the bills above mentioned take precedence over

other appropriations of prior date other than appropriations for legislative, executive and judicial departments?

" 2. Do the offices created by said bills belong to the executive department of the state within the meaning of the constitution and *In re Appropriations*, 13 Colorado, 316?

"3. On the failure of the legislature to make any appropriation for the salary of any state official, can the auditor of state issue to said officer a certificate of indebtedness or warrant for salary due, and especially when such issue would be in excess of the revenue or the constitutional limit, and if the sum of all its salaries exceeds the revenue for a particular year, in what order and on what basis shall warrants or certificates of indebtedness be issued for such salaries; and in this connection, is there any distinction between offices established by the constitution and those established by statute?

"4. Can the auditor of state draw warrants or certificates of indebtedness for salaries created in said bills, notwithstanding the fact that such issue would exceed the revenues of the fiscal year wherein such warrants or certificates of indebtedness were issued?

" Respectfully submitted,

"DAVIS H. WAITE,

" Governor of Colorado."

Mr. EUGENE ENGLEY, attorney general, and Mr. H. RIDDELL, discussed the questions presented.

CHIEF JUSTICE HAYT delivered the opinion of the court.

The preamble to the questions submitted by his excellency, the governor, advises us among other things that suits involving the matters embraced in the foregoing interrogatories, " have been and are constantly being brought against the auditor," etc.   Although we are not informed by the communication by whom such suits have been instituted, or what has created in the mind of the executive an apprehen-

sion that other suits may be brought, it is manifest from the communication that private rights are involved. Moreover it was admitted by counsel at the oral argument with which we were favored, that upwards of a half million dollars in claims against the state held by private parties may be affected should answers be returned to the questions submitted, and we cannot ignore the fact that a test case is now pending in the district court of Arapahoe county, wherein the holders of a part at least of such claims are seeking to have the same adjudicated.

Under these circumstances the impropriety of formulating in this proceeding a general rule to govern the auditor in the future, is manifest. All the reasons that can be marshaled in support of such a general rule for the guidance of the present auditor of state and his successors in office, were equally as applicable at the time his predecessors in office acted, either favorably, or unfavorably, upon like claims. The announcement of any rule in this *ex parte* proceeding, at variance with the prior practice, would be quite certain to invite, rather than discourage litigation.

It is a fundamental right of all parties having claims against the state to have such claims, if contested, determined in the ordinary course of judicial proceedings. In obedience to this universally acknowledged principle our state constitution declares, " No party shall be deprived of life, liberty, or property, without due process of law." Art. 2, sec. 25. Speaking of this provision in connection with the one requiring the court to give its opinion in answer to executive and legislative questions upon solemn occasions, this court has said, " But there cannot be due process of law unless the party to be affected has his day in court. Yet, a careless construction and application of this constitutional provision might lead to the *ex parte* adjudication of private rights by means of a legislative or executive question, without giving the party interested a day or voice in court. *In re District Attorneys*, 12 Colo. 466. And again in the same case, p. 470, " This consideration greatly reinforces the prop-

osition that it could not have been the purpose of those who framed the amendment to permit such *ex parte* adjudications by means of executive or legislative questions." In another case it is said: "It could not have been the intention to authorize an *ex parte* adjudication of individual or corporate rights by means of a legislative or executive question; parties must still adjudicate their rights in the ordinary and regular course of judicial proceeding." *In re Irrigation*, 9 Colo. 621.

Only a few states of the entire Union have at present provisions analogous to the one under which these questions have been propounded, and Colorado has gone further than any other state, inasmuch as by our constitution questions are to be propounded to, and answers returned by, the court, instead of the justices, as elsewhere, and published in connection with other decisions, thus giving such answers to some extent the force and effect of judicial precedents. *In re District Attorneys, supra.*

The questions submitted assume that the aggregate of appropriations made by the ninth general assembly exceed the limits prescribed by section 6, article X of the Constitution. It is well settled by previous decisions of this court that all such excessive appropriations are absolutely void. In fact, the constitution contains such plain and explicit inhibitions against the state being burdened with debts thus created, as to leave no room for construction. If, however, the appropriations do in fact exceed the estimated revenues for the years 1893 and 1894, as all cannot be paid, a question of preference between claimants is involved that cannot be determined in this proceeding. *In re Appropriations*, 13 Colo. 316; *In re District Attorneys, supra.*

Should the auditor illegally decline to issue warrants for the salary of the state dairy commissioner, or refuse to audit and allow claims arising under the act entitled, "An act to create a state board of health and define its powers, duties," etc., the courts are open to the aggrieved parties to have such action reviewed in a proper proceeding. And if the

public interests require it the cause may be advanced and a speedy determination had, both in the trial court, and upon appeal, should an appeal be taken.   But for us to undertake to determine such conflicting claims in answer to an executive question would be to overrule prior decisions of this court, and ignore a constitutional guaranty now universally recognized.

It has been suggested that the embarrassment under which the auditor is now laboring grows out of the improper recognition of an appropriation prior in point of time to any of those referred to in the communication.   As to whether this suggestion attributes the trouble to the proper source, we are not prepared to say.   The matter is alluded to for the sole purpose of showing the futility of undertaking to solve the difficulty in this proceeding.

In view of the foregoing, we cannot with propriety further answer the questions propounded.