IN RE APPOINTMENTS BY THE GOVERNOR OF FIRE, POLICE
AND EXCISE COMMISSIONERS OF THE CITY OF DENVER.

1. LEGISLATIVE AND EXECUTIVE QUESTIONS.
The court has uniformly declined to pass upon the title to an office or
   the right to property in an *ex parte* proceeding in answer to an ex-
   ecutive or legislative question.
2. SAME.
The constitutional provision by virtue of which the executive or either
   house of the general assembly may submit to the court important
   questions upon solemn occasions does not sanction a practice
   whereby the rights of property, the title to an office, or the con-
   struction of an existing statute should be determined in an *ex parte*
   proceeding.

*Original Proceeding.*

THE resolution and question submitted by the senate are
as follows:

" Whereas a question has arisen involving the duty of the
senate, in the matter of its action upon certain nominations
which have been presented by the governor for the action
of the senate:

· " Therefore be it resolved, that the following question be
submitted to the supreme court by the senate, with a re-
quest for an opinion thereon:

" The governor having, under section 45 of the charter
of the city of Denver of 1893, during a recess of the senate,
appointed the fire and police and excise commissioners men-
tioned in said section, by reason of a vacancy occurring there-

in, do such appointees continue in office until the end of such term, or until the convening of the senate, as provided in section 6 of article IV. of the constitution?"

PER CURIAM. The question propounded calls for an opinion upon the duration of the term of office of the present fire, police and excise commissioners of the city of Denver. It involves a construction of certain provisions of the charter of the city of Denver, as well as of section 6, article IV. of the constitution. It therefore belongs to a class of questions which we do not feel at liberty to answer, nor could we do so without overruling a long line of carefully considered decisions upon the subject. Commencing with the opinion *In re Irrigation*, 9 Colo. 620, down to and including the case of *In re Fire, etc., Commissioners*, 19 Colo. 482, this court, in obedience to its constitutional duty, has uniformly declined to pass upon the title to an office or the right to property in an *ex parte* proceeding in answer to an executive or legislative question.

While we will be found at all times ready to furnish such assistance to the legislature as may be in our power, the rule requiring the title to an office to be adjudicated in accordance with the ordinary and usual course of procedure provided by statute is deemed absolutely essential to the preservation of public and private rights. It is not believed that the people, in adopting the amendment by virtue of which the executive and either house of the general assembly may submit to the court *important questions upon solemn occasions*, intended to sanction a practice whereby the rights of property or the title to an office or the construction of an existing statute should be determined in an *ex parte* proceeding, in answer to either an executive or legislative question.

For these reasons, we respectfully request the senate to withdraw the question submitted.