## IN RE CONSTITUTIONALITY OF SENATE BILL No. 196.

1. PRACTICE UPON EXECUTIVE AND LEGISLATIVE INTERROGATORIES.

The prevailing practice upon executive and legislative interrogatories has been to restrict the inquiry to the constitutionality of pending bills.

2. STATUTORY CONSTRUCTION.

The act of April 4, 1887, establishing the State Home and Industrial School for Girls, manifested no intention to create a liability against the state.

3. CONSTITUTIONAL LAW.

Bills providing for the payment of claims made against the state without previous authority of law are forbidden by the constitution.

### Original Proceeding.

THE opinion of the court as to the constitutionality of the foregoing bill is in response to the following preamble and interrogatories :

" Whereas, under ' An Act Establishing the State Home and Industrial School for Girls,' being sections 2187 to 2200 of Mills' Annotated Statutes, the board of control entered into a contract (a copy of which is herewith submitted) with the Convent of the Good Shepherd, in accordance with section 2199 of said act. For while the counties, or some of them, from which girls were committed under said act, paid the expense thereof, and others refused or failed to pay therefor, and there is now unpaid to said the Convent of the Good Shepherd the principal sum stated in senate bill No. 196, a copy of which is hereto attached, together with the reports of the finance committee thereon ; and whereas doubt has arisen with the senators as to the constitutionality of senate bill No. 196, and further action thereon is suspended, pending the submission of the same to the supreme court, it is therefore certified that the questions submitted are important and arise upon a solemn occasion, wherein the opinion of the supreme court is required in order to enable the senate to properly discharge its duty.

" We therefore respectfully ask the opinion of the court in answer to the following questions:

" 1. Under section 2200 of Mills' Ann. Statutes, are the various counties from which girls are committed under said act responsible upon said contract, or does any liability rest upon the state under the provisions thereof?

" 2. Is said senate bill No. 196 obnoxious to article V., section 34, or to article IX., section 7, of the constitution?

" 3. In any event, is said senate bill obnoxious to article XI., section 1, or article V., section 28, of the constitution, or any other constitutional provision?"

The attached bill carries an appropriation in the sum of $16,000, said to be the principal and interest due to the Convent of the Good Shepherd for services rendered by the latter under a contract bearing date July 21, 1887, made and entered into, with the approval and consent of the governor, between the board of control of the State Home and Industrial School for Girls and said convent, in pursuance of said act of April 4, 1887. That portion of the contract which is material to the present inquiry is as follows:

" That for and in consideration of the premises, said first party (being the board of control) hereby designates said second party (being the Convent of the Good Shepherd) as an institution of the kind specified in said act, and as such, by virtue of and pursuant to said act, it is hereby contracted with as such, to the extent and for the purposes in said act specified; * * * and said second party, by reason of the premises aforesaid, and in consideration thereof, hereby agrees to receive all girls committed to it pursuant to said act, and them safely keep, properly care for, maintain and instruct, for, during and until the termination of the time for which they are respectively committed to said second party, as aforesaid, and for the price and on the terms in said act specified."

The questions involved were discussed by Mr. J. W. McCreery, Mr. D. E. Parks and Mr. Harvey Riddell, *amici curiæ*.

PER CURIAM. To the first branch of the first interrogatory it is not proper for the court to reply. That question should be decided only in an action brought against the counties to determine their liability. It calls, also, for a construction of an existing statute, while the prevailing practice has been to restrict inquiry in these *ex parte* matters to the constitutionality of pending bills. *In re Appointments*, 21 Colo. 14.

The act of 1887 by its terms seeks to impose a liability only upon counties, and in no provision is there manifested an intention to create a liability against the state. The validity of any contract made between the board of control and the convent for the care of incorrigible girls committed to it depends altogether upon the authority which the act gives. This contract entered into in pursuance of the act does not purport to create any liability against the state; but, on the contrary, expressly recites that it was made in pursuance of the act, and to the extent and for the purposes in said act specified, and the convent agrees to keep and care for such girls as to it are committed for the price, and on the terms, in said act specified.

If any claim has accrued to the convent, or any liability been incurred under the act or the contract, certainly it is not against the state. Therefore, the pending bill, if enacted into law, would contravene section 28 of article 5 of our state constitution, which ordains that "no bill shall be passed * * * providing for the payment of any claim made against the state without previous authority of law."

The other constitutional provisions referred to need not be considered, since the proposed legislation is inhibited by section 28 of article 5.