[No. 4155.]

## In re Leasing of State Lands.

Question from Governor—Construction of Statute—Private Rights.

The court will not in answer to a question from the governor construe existing statutes when by so doing the private rights of persons would be passed upon without giving them an opportunity to be heard.

The opinion of the court is in response to the following communication and interrogatory of the governor:

"December 21st, 1899.

" To the Honorable, the Supreme Court of the State of Colorado.

" Gentlemen: At a meeting of the State Board of Land Commissioners, held Thursday, the 21st day of December, A. D. 1899, a resolution was passed directing me as president of said board and Governor of the State, under the provisions of the 3d section, 6th article, of the state constitution, to ask you for an opinion at your early convenience upon the question herein stated.

" Section 10 of the act of April 2d, 1887, was repealed by an act approved the 20th of April, 1895, and the following substitute enacted in place thereof:

" No lease of state land shall be for a longer term than ten years. When any lease expires by limitation, the holder thereof may renew the same in manner as follows: At any time within the thirty days next preceding the expiration of the lease, the lessee, or his assigns shall notify the register of his desire to renew said lease ; if the lessee and State Board agree as to the valuation of the land, a new lease may be issued bearing even date with the expiration of the old one, and upon like conditions ; Provided, always, That the former valuation shall not be decreased without the consent of the State Board ; Provided, That nothing in this section shall prohibit the State Board from leasing any of the state lands to such party or parties as shall secure to the state the greatest annual revenue ; provided, further, that the State Board may in its discretion offer said land for sale at the end of any period of five (5) years, during the term of said lease, upon the same terms and in the same manner as though said lease had not been executed.

" The construction given by the Supreme Court to the section for which this is a substitute is doubtless applicable thereto, and restricts its application to the agriculture and

grazing lands of the State, and section 8 of the act of 1887, is unaffected thereby. The only express provision, however, in the statute with reference to renewal or extension of existing leases, is found in the section above quoted.

" The Constitution, sections 9 and 10, article 9, invests the State Board of Land Commissioners with power to sell or otherwise dispose of the public lands, under such regulations as may be prescribed by law. No regulation beyond that mentioned has been prescribed for the extension of existing leases, and this power, if it exists, must either be inherent in the board, or result by necessary implication from the act of 1887.

" The question whether such a power exists in the Board is at present an important one, and the occasion solemn, as contemplated by the Constitution by reason of the following facts : Leases of coal lands have heretofore been made for a long term of years and pending their existence, the Board by resolution has made extensions for an additional period of years, to take effect at the expiration of the existing term. Such a resolution, if valid, has the effect to take valuable tracts of land out of the jurisdiction of the Board for a long series of years, and notwithstanding the latter may be of the opinion that the lands may be otherwise disposed of in such manner as will secure the maximum possible amount therefor, it is confronted with the condition above referred to. Leases which by their terms would expire within ten or twelve years from date are by these means continued for more then twenty-five years from date, at rates and upon terms which seem to be and are wholly inadequate to those which could be secured for the same property but for such extensions.

" The interests of the State in the premises seem, therefore, to require deep and immediate consideration, and as the Board itself is prevented from securing the greatest annual revenue for the same as required by the Constitution, I beg, therefore, to request the opinion of your Honorable Court upon the following question :

" Has the State Board of Land Commissioners in the ab-

sence of an express legislative regulation prescribed therefor, the power to extend or enlarge an existing mineral lease beyond its original terms, and while the same is in full operation? For example : Can a mineral lease issued in 1881 for 30 years be lawfully extended in 1896 for a period of 15 ͧ or any other number of years ; the said extension to take effect upon the expiration of the original lease ?

"I have the honor to be,.

"Your most obedient servant,

"CHARLES S. THOMAS,

" *Governor.*"

PER CURIAM. The opinion in which is construed section 10 of the act of April 2, 1887, referred to in this communication, is reported under the title *In re State Lands*, 18 Colo. 359. The object of the state board of land commissioners, in whose behalf the request was made, was to obtain a construction as to the meaning and constitutionality of that section as a guide for that body in its subsequent leases of the public lands. An examination of the opinion and of the accompanying facts shows that no question relating to prior leases, or affecting the private rights of third parties was involved or determined.

In passing it may be observed that, even under the facts then disclosed, the court, in construing an existing statute, departed from the practice adhered to in many of its previous and subsequent decisions.

Be that as it may, we are clearly of opinion that the question now submitted should not be answered. It appears from the foregoing communication that heretofore the state board has made leases of public lands for a term of years, and pending their existence has extended them for an additional period. If, therefore, in this proceeding, we should define the powers of that body under the constitution, or construe the act of 1895, we would pass upon the private rights of the lessees under such leases without giving them an opportunity to be heard.

In withholding opinion we are observing the established practice from which, it is. true, a departure has been made, but only in an exceptional class of cases to which this does not belong. *In re S. R. on Irrigation*, 9 Colo. 620 ; *In re S. B. No. 65*, 12 Colo. 466, 469 ; *In re Legislative Appropriations*, 13 Colo. 316, 321 ; *In re H. R. 25*, 15 Colo. 602 ; *In re Continuing Appropriations*, 18 Colo. 192, 195 ; *In re Penitentiary Comrs.*, 19 Colo. 409, 414 ; *In re Priority of Leg. Appropriations*, 19 Colo. 58, 62 ; *In re Appointments*, 21 Colo. 14 ; *In re S. B. 196*, 23 Colo. 508 ; *In re Assessment of Property*, 25 Colo. 296.