## STATE EX REL. BUCK *v.* HICKMAN, TREASURER.

DISTRICT JUDGES—*Compensation when appointed—Appropriations.*—A district judge who has been appointed under a law authorizing an additional judge for a particular district is entitled, in the absence of any statute, to receive the salary defined in the ,Constitution, which is an appropriation made by law. (*State* v. *Hickman,* 9 Mont. 370, affirmed.)

APPROPRIATIONS—*Priority—Salary of judge.*—An appropriation made by the Constitution is entitled to preference over any acts of the legislative assembly relating to the disbursements of public money for purposes for which the amounts are not expressed in direct terms by the Constitution, and the salary of a district judge, although appointed under an act subsequent to such appropriation acts, is entitled to priority in the order of payment.

Original proceeding.   Application for writ of mandate.

*B. P. Carpenter*, for Relator.

*Henri J. Haskell*, Attorney-General, for Respondent.

BLAKE, C. J.—The relator prays that a peremptory writ of mandate be issued out of this court, commanding the State treasurer to pay a certain warrant which had been drawn by the State auditor under the following circumstances: The relator was appointed February 28, 1891, a judge of the District County for the First Judicial District, and has discharged the duties of the office since that time. The salaries of the district judges of the State are payable quarterly, and one of such quarters ended March 31, 1891, at which time there was due to the relator the sum of $301.39. The State auditor then issued his warrant to the relator, drawn upon the respondent for the said sum in payment of said salary. The State treasurer refuses to pay this warrant, and in his answer sets forth these facts, which are conceded. The legislative assembly prior to the fifth day of March, 1891, at the second session thereof, appropriated by several statutes for State purposes the sum of $464,084. The moneys in the treasury of the State, being the sum of $148,400, have been set apart in accordance with certain appropriation laws, which are specified. The legislative assembly, by an act which was approved March 5, 1891, appropriated the sum of $20,000 to pay the salaries of the relator and other district judges who had been appointed in pursuance of statutes, passed during said second session. At the date of the passage of the acts creating the office, to which the relator was appointed, and providing for the payment of his salary, there was not, and has not been any moneys in the treasury of the State applicable thereto. The respondent has paid the sum of $234,000 on account of the appropriations which are specified, and there remains unpaid the sum of $230,084.

The Constitution declares that "the legislative assembly may increase or decrease the number of judges in any judicial district." (Art. viii. § 14.) By an act approved February 28, 1891, an additional judge was authorized for the District Court of the First Judicial District of the State, and the relator was

appointed to the office.  It was enacted February 27, 1891, that the district judges whose offices may be established by the legislative assembly "shall receive the same compensation as is now, or may hereafter be provided by law for judges of the District Courts."  There is no legislation of this character, but the salary has been fixed by the Constitution in this section : " The judges of the District Courts shall each be paid quarterly by the State a salary, which shall not be increased or diminished during the terms for which they shall have been respectively elected.  Until otherwise provided by law, . . . . the salary of the judges of the District Courts shall be $3,500 per annum each."  (Art. viii. § 29.)  It is further declared that "vacancy in the office of . . . . judge of the District Court . . . . shall be filled by appointment, by the governor of the State."  (Art. viii. § 34.)  All judges of the District Courts, who have been elected or appointed, are governed by the same provisions of the Constitution.  In the absence of any statute, they are entitled to receive from the State the salary which has been defined in the Constitution, section *supra.*  We re-affirm the doctrine of *State* v. *Hickman,* 9 Mont. 370, that the language which has been quoted is an appropriation made by law.

The respondent admits the soundness of these legal propositions, but maintains that he cannot pay the warrant delivered to the relator by reason of other appropriations which were made before the act *supra,* approved March 5, 1891.  It is not claimed that there is any statute that controls this matter. The Supreme Court of the State of Colorado (*In re Appropriations,* 13 Colo. 316) said : " In view of the examination we have given the subject, we are of the opinion that acts of the general assembly making the necessary appropriations to defray the expenses of the executive, legislative, and judicial departments of the State government for each fiscal year, including interest on any valid public debt, are entitled to preference over all other appropriations from the general public revenue of the State, without reference to the date of their passage, and irrespective of emergency clauses."  This view was entertained under conditions like those which confront us, with this essential difference.  The Constitution of that State does not regulate the amount of the salaries of the officers of the executive

and judicial departments. The chief reason of the rule thus announced is the necessity of preserving the State, which is paramount to all other considerations. We recognize the force of this argument, but prefer to put this decision upon another ground. The appropriations, which are modified in the Constitution, have priority over any act of the second legislative assembly which relates to the disbursement of the moneys in the treasury. The rights of the parties are not affected by this act *supra*, approved March 5, 1891, and the claim of the relator is supported by the fundamental law of the State. The appropriations, which have been made for purposes for which the amounts are not expressed in direct terms by the Constitution, are necessarily subsequent in the order of payment to the salary of the relator. We are therefore of the opinion that the respondent has in his hands moneys which should be applied upon the warrant of the relator.

It is ordered and adjudged that the peremptory writ of mandate be issued to the respondent according to the prayer of the relator.

HARWOOD, J., and DE WITT, J., concur.