[No. 1623, October 16; 1913.]

STATE OF NEW MEXICO ex rel. FRED FORNOFF, Appellee, v. WILLIAM G. SARGENT, Auditor of the State of New Mexico, Appellant.

SYLLABUS (BY THE COURT)

1. Where the Constitution of a State creates an office and prescribes the salary for such office, the necessity for legislative appropriation for such office is dispensed with on the ground that such provision in a State Constitution is **proprio vigore** an appropriation.

P. 278.

2. This rule has been extended to a general law fixing the salary of a public officer, and prescribing its payment at particular periods.

P. 279.

3. Held, That the Act of 1905 (chap. 9) creating a force of Mounted Police, fixing salaries of its members, and providing for payment thereof, was repealed by the Act of the legislature of 1909, (chap. 127, sec. IV) insofar as it provided for salaries and membership of the force, and that, therefore, a writ of mandate directed to the State Auditor requiring him to make a levy to pay such salaries is not issuable, because the appropriation by the Act of 1905 has ceased

to be a continuing appropriation, and the legislature has failed to make appropriation for the present fiscal year.

P. 280

4. When a statute professes to repeal absolutely a prior law, and substitutes other provisions on the same subject, which are limited only till a certain time, the prior law does not revive after the repealing statute is spent, unless the intention of the legislature to that effect be expressed.

P. 280

Appeal from the District Court of Santa Fe County; Edmund C. Abbott, District Judge; reversed, with instructions to dismiss.

Brief for Respondent and Appellant.

IRA L. GRIMSHAW, Assistant Attorney General, Santa Fe, N. M.

Mounted Police Department created. Laws 1905, ch. 9. Amended by Laws 1909 ch, 127.

Chap. 108, sec. 12, Laws 1903; sec. 28, ch. 89, Laws 1907, and sec. 11, chap. 127, Laws 1909, not applicable because every legislature has passed a general appropriation bill.

Appropriation made by legislature for the Mounted Police in 1912, ending December 1, 1913. No provision made since that time.

Brief for Petitioner and Appellee.

FRANCIS C. WILSON, Santa Fe, N. M., for petitioner.

Chap. 9, Laws 1905, as amended by sec. 4, ch. 127, Laws 1909, constitute a continuing appropriation and it is immaterial whether the legislature of 1913 appropriated for the Mounted Police or not.

Where the Constitution of a State creates an office and

prescribes the salary the necessity for legislative appropriation for such office is dispensed with on the ground that such provision in a State Constitution is proprio vigore an appropriation. Thomas v. Owen, 4 Md. 189; State v. Hickman, 9 Mont. 370, 23 Pac. 740, 8 L. R. A. 403; State ex rel. Buck v. Hickman, 10 Mont. 497, 26 Pac. 386; State v. Weston, 4 Neb. 216; Weston v. Herdman, 64 Neb. 29, 89 N. W. 384.

Rule extended to a general law fixing the salary of a public officer. Nichols v. Comptroller, 4 Stew. & P. (Ala.) 154; Reynolds v. Taylor, 43 Ala. 420; Goodykoóntz v. Acker, 19 Colo. 360, 35 Pac. 911; People v. Goodykoontz, 22 Colo. 509, 45 Pac. 415; Ristine v. State, 20 Ind. 328; State v. King, 67 S. W. 812, (Tenn.) ; State v. Burdick, 4 Wyo. 281, 33 Pac. 125; State v. Grimes, 7 Wash. 191, 34 Pac. 833; State v. Kennedy, 10 Mont. 485, 26 Pac. 197; Terrill v. Sparks, 135 S. W. 519; State v. Eggers, 91 Pac. 819, (Nev.) ; State v. Eggers, 128 Pac. 987; Menefie v. Askew, 107 Pac. 159; State v. Bordelon, 6 La. Ann. 68; Humbert v. Dunn, 84 Cal. 57, 24 Pac. 111; McCauley v. Brooks, 16 Cal. 28.

Cases apparently contrary to this contention are not in point or have been overruled. Meyers v. English, 9 Cal. 341; Proll v. Dunn, 80 Cal. 220; Pickle v. Finley, Comptroller, 91 Tex. 484; Shattucks v. Kincaid, 31 Ore. 379; Kingsbury v. Anderson, 5 Idaho, 771; Laddy, Aud., v. Cornell, 120 Pac. 153; Campbell v. State, S. & S. Mon. Commissioner, 115 Ind. 591; Henderson v. Board, etc., Monument, 28 N. E. 127.

If the State Auditor's contention, that a specific appropriation is necessary for each year, then the appropriations made in 1909 and 1912 having expired, the original act of 1905, is in full force and effect and a levy is necessary under the terms of said act as amended in 1909. Laws 1907, chap. 89, sec. 20; Rose v. Lampley, 146 Ala. 445; Crosby v. Patch, 18 Ga. 438; Home for Inebriates v. Reis, 95 Cal. 148; People v. Henwood, 123 Mich. 317; Great N. R. R. Co. v. U. S., 155 Fed. 945; Laws 1909,

chap. 127, sec. 4; Laws 1912, ch. 83, sec. 13; Holcombe v. Burdick, 33 Pac. 131; 36 Cyc. 1099; 36 Cyc. 1100.

Brief on Motion for Rehearing.

FRANCIS C. WILSON, for appellee.

Holding of the Court, that the Law of 1909 absolutely repealed the law of 1905, is obviously erroneous. Sutherland on Stat. Constr. (2 ed.) 237.

Legislature never intended a total repeal. Crosby v. Patch, 18 Cal. 441.

Act of 1909 did not assume to cover the entire ground of the law of 1905; the changes being for the most part mere modifications.

Where there is no express repeal, but a repeal by implication only, if the statute containing the implied repeal is allowed to expire, it was the intention of the legislature to revive the first. U. S. v. Twenty-five cases of Cloth.; 28 Fed. Cases No. 16,563; Collins v. Smith, 6 Whart. (Pa.) 294, 36 Am. Dec. 228; Dykstr v. Holden, 151 Mich. 289, 11 N. W. 74; 36 Cyc. 1101 .

Reply Brief of Appellant on Motion for Rehearing.

IRA L. GRIMSHAW, Assistant Attorney General, Santa Fe, N. M., for appellant.

Law of 1909 repealed the law of 1905 and substituted a new system, plan and arrangement of the Mounted Police Department. Upon the repeal of the act of 1909, the act of 1905 was not re-enacted because no such intention was therein expressed. 36 Cyc. 1101.

## STATEMENT OF FACTS.

This is an action in mandamus to compel the State Auditor, William G. Sargent, to make a tax levy, sufficient to raise twelve thousand dollars for the support and maintenance of the Mounted Police of the State, upon the

theory that by the legislative act, (chap. 9, Laws of 1905) creating such force, a continuing appropriation was made for the salaries and expenses of said force and the failure of the legislature, at the session held this year, to appropriate for the salaries and expenses of said force does not justify a failure, upon the part of the State Auditor, to make a levy for the purpose aforesaid.

To the petition for the writ an answer was filed by respondent, setting up, among other things, that sec. 4, chap. 127, of the laws of 1909 repealed the provisions of chap. 9 of the laws of 1905, under which it was claimed by relator that a continuing appropriation had existed, and that he was only under the duty of making tax levies to meet the appropriation made by the legislative session of the year 1913.

A demurrer to this answer was filed and sustained by the lower Court, from which judgment the respondent appealed.

### OPINION OF THE COURT.

HANNA, J.—The first error assigned is predicated upon the action of the District Judge in sustaining the demurrer to the answer.

By the act of 1905, (chap. 9) providing for the organization and equipment of the Mounted Police, it was provided that the Governor be authorized to muster into service one company of police, to consist of one Captain, who should receive $2000.00 per annum as salary; one Lieutenant at $1500.00 per annum; one Sergeant at $1200.00 per annum, and not more than eight privates at $900.00 per annum.

After providing for the equipment and duties of the officers and men, the act provided (sec. 12) that "it shall be the duty of the Auditor of this Territory to draw his warrant on the Territorial Treasurer at the end of each month for the pay of each officer and man in said company," and by sec. 13 of the same act, it was further provided that there should be annually levied and collected a tax of one-half mill, to constitute a fund known as

the New Mexico Mounted Police Fund, upon which warrants should be drawn.

By sec. 14, of the act of 1905, the total cost and expense of the organization, equipment and support of said company was limited to $13,000.00 for any one year.

The act of 1905 continued in force unamended until the legislature of 1907, as a part of the appropriation bill passed at that session, increased the salary of members of the force by twenty-five dollars monthly, in lieu of expenses and railroad fare, for each member, and making appropriation for the 58th, 59th and 60th fiscal years to cover such increase of salary.

This act of the legislature recognized the continuing character of the appropriation provided by the act of 1905 except so far as it impliedly repealed the appropriation for expenses of members of the force, which was covered by sec. 14 of the 1905 act, thus leaving that act providing only for the salaries as increased by the act of 1907, and a contingent fund of not to exceed $1,200.00 per annum provided for by section 15 of the act.

In 1909 the legislature made provision for the Mounted Police in the appropriation bill of that session, by appropriating for the support and maintenance of the force, $12,000.00, or so much thereof as might be necessary. It being further provided by this act that the force should consist of one Captain, one Sergeant and four Privates, and the salaries of each were fixed at $2000.00, $1500.00 and $1200.00 per annum, respectively. It is to be noted that this was a departure from the terms of the act of 1905, providing for the organization of the force, in that the force was reduced by the elimination of the Lieutenant and four Privates.

The act of 1909 also provided for the payment of actual and necessary expenses of members when necessarily absent from their stations, and for authority in the Governor to appoint additional members, temporarily, when necessity therefor existed, to be paid at the same rate as privates of the regular force. The provisions thus contained in the appropriation bill of 1909 for the Mounted Police

concluded with the proviso: "that chapter 9, laws of 1905, in so far as the same is in conflict with the provisions, is hereby repealed, and sec. 13, of said act, directing the Territorial Auditor to make a levy for the support of the Mounted Police of one-half mill is hereby specifically repealed, and the Territorial Auditor is hereby directed, when making levies for other purposes, to include a levy sufficient to cover the appropriation above named for the support of the Mounted Police herein."

This last mentioned act of the legislature continued in full force and effect until the session of the first State legislature, which met in 1912, when the same provisions of the appropriation bill, as passed by the legislature of 1909, with reference to the Mounted Police, were re-enacted as a part of the appropriation bill of 1912, except that the provision of the 1909 act directing the Auditor to make a levy sufficient to cover the appropriation was omitted from the act of 1912. The appropriation bill thus passed by the legislature of 1912 (chap. 83, laws of 1912) was limited to the first fiscal year under Statehood, and in 1913 the legislature failed to make any provision or appropriation for the support and maintenance of the Mounted Police. The question of whether resort can not be had to the act of 1905 and whether that act created a continuing appropriation such as will justify a writ of mandate directed to the State Auditor requiring him to make a levy of $12,000.00 for the support and maintenance of the Mounted Police is therefore presented.

It is contended by appellee in support of this proposition that it has been held that where the Constitution of a State creates an office and prescribes the salary for such office, that the necessity for legislative appropriation for such office is dispensed with on the ground that such provision in a State Constitution is *proprio vigore* an appropriation. Thomas v. Owen, 4 Md. 189; State ex rel. Rothwell v. Hickman, 9 Mont. 370, 23 Pac. 740, 8 L. R. A. 403; State ex rel. Buck v. Hickman, 10 Mont. 497, 26 Pac. 386; State ex rel. Roberts v. Weston, 4 Neb. 216; Weston v. Hirdman, 64 Neb. 29, 89 N. W. 384.

And that this rule has been extended to a general law fixing the amount of the salary of a public officer, and **2** prescribing its payment at particular periods. Reynolds v. Taylor, 43 Ala. 420; Goody Koontz v. Acker, 35 Pac. 911; State v. Louis Bordelon, et al., 6 La. Ann. 68; McCauley v. Brooks, 16 Cal. 11; Terrell v. Sparks, (Tex.) 135, S. W. 519; State v. King, (Tenn.) 67 S. W. 812; Ristine v. Indiana, 20 Ind. 328; Faulk v. Strother, 24 Pac. 110; Menefee v. Askew, 107 Pac. 159; State ex rel. Norcross v. Eggers, 128 Pac. 986; State ex rel. Wade v. Kenney, 26 Pac. 197; State ex rel. Brainerd v. Grimes, 34 Pac. 833; State ex rel. Henderson v. Burdick, 33 Pac. 125.

It has been generally conceded and frequently held that the rule, last referred to, is not violative of a constitutional provision similar to that of ours (sec. 30 of art. IV) that "except interest or other payments on the public debt, money shall be paid out of the treasury only upon appropriations made by the legislature."

In re continuing appropriations, (Col.) 32 Pac. 272.

With the principles, or rules, enunciated we fully agree and believe them to be fully supported by the great weight of authority.

The question remains, however, as to whether they are applicable to the state of facts here presented for our consideration. There can be no doubt that the rule would be applicable if we were considering the act of 1905 standing alone, and unaffected by subsequent legislation. We find, however, that the compensation or salary of each officer and member of the force was changed by the act of 1907, which provision clearly operates as a modification of the provisions of the act of 1905 relative to salary and substitutes the larger amounts provided by the act of 1907. We do not lose sight of the contention of appellee that the act of 1907 recognized the continuing character of the appropriation contained in the act of 1905 and by amendment increased the salary of each man, and were we to adopt this view of the matter, and disregard the fact that the appropriation bill of 1907 was limited in its effect to

the 59th and 60th fiscal years, we would still be confronted with the fact that in 1909 the legislature again changed the salaries of the officers of the force and abolished one officer, as well as reduced the number of privates from eight to four, by the terms of this act repealing all provisions of the act of 1905 in conflict with its provisions and specifically repealing sec. 13 of the act of 1905 relative to a levy of one-half mill.

We, therefore, find that the act of 1905, while unrepealed as to many of its provisions respecting the duties of the force and etc., is silent as to the matter of the salaries of officers and men, and a clear intention shown on the part of the legislature to make changes in salaries and organization of the force, by the provisions contained in the appropriation acts of the legislatures of 1907 and 1909. We believe it is indisputable that the life of the acts of 1907 and 1909 is to be limited to the fiscal years for which their enacting clauses purport to make appropriations, at least so far as the appropriations in question are concerned, and that with the expiration of those years these acts ceased to have any force or effect.

In this connection we find that in an early case in the Supreme Court of the United States, Minis v. United States, 15 Peters, 445, it was said by Justice Story, that:

"It would be somewhat unusual to find engrafted upon an act making special and temporary appropriations, any provision which was to have a general and permanent application to all future appropriations."

With this view we fully agree. The act of 1905 having been repealed so far as the salaries of the officers were concerned and the number of the force changed by an act of the legislature which was subsequently lapsed, can it be said that the former act, i. e., that of 1905, was only suspended and therefore subsequently restored to life, as to those provisions which had been repealed, when the repealing acts expired by limitation.

We think not, in the absence of any evidence of intention on the part of the legislature to revive the former provisions, of the act of 1905, as to the salary and membership

of the force. To hold otherwise would be to construe an intention, on the part of the legislature of 1913, which failed, or refused, to appropriate for the Mounted Police, to revive the act of 1905 in all its terms, increase the force from four privates, to which it had been limited by later acts, to eight, to provide for an additional officer, and further that all salaries should be as first fixed by the act of 1905.

Such would be a violent presumption as to the intention of the legislature. By the act of 1905 a continuing appropriation was clearly created and was so recognized by the legislature of 1907, but in 1909 the legislature in effect created a new force and definitely fixed salaries for the fiscal year covered by the act, repealing all parts of the act of 1905 in conflict with said act of 1909. Had the legislature of 1909 simply amended the act of 1905, the principle would be different, but the positive repeal of these essential provisions of the act of 1905, with only temporary provision substituted, which has since lapsed, cannot be held to suspend the repealed provisions, or revive them upon the expiration of the repealing provisions. To construe the intention of the legislature otherwise, would do violence to the rule that when a statute professes to repeal absolutely a prior law, and substitutes other provisions on the same subject, which are limited only until a certain time, the prior law does not revive after the repealing statute is spent, unless the intention of the legislature to that effect be expressed. 36 Cyc. 1101.

Believing that the provisions of the act of 1905 with respect to salaries and officers and men constituting the force, had been repealed by the act of 1909, we do not think that the principles of law, referred to, are applicable to this case, and we hold that the District Court was in error in sustaining the demurrer.

We, therefore, reverse the judgment of the District Court and remand the case with instructions to dismiss the petition.