## IN RE CONTINUING APPROPRIATIONS.

1. APPROPRIATIONS, FORM OF.

No set form of words is necessary to constitute an appropriation. It is
sufficient if the legislative intent clearly appears from the language
employed.

2. APPROPRIATIONS, NOT INFERRED WHEN.

An appropriation will not be inferred from doubtful or ambiguous lan-
guage.

3. LEGISLATIVE POWER.

The power of the general assembly over the entire subject of appropria-
tions is plenary, except as restricted by the constitution.

4. CONSTITUTIONAL LAW.

There is no constitutional objection to a "continuing appropriation,"
that is an appropriation the payment of which is to be continued
beyond the next biennial session of the legislature.

5. SAME.

The power to appropriate can only be exercised subject to the provisions
of section 16, art. 10 of the Constitution, by which appropriations in
excess of the revenue are inhibited. *People v. Spruance*, 8 Colo.
530, disapproved.

6. EXPEDIENCY A LEGISLATIVE QUESTION.

Questions as to the policy or expediency of making "continuing appro-
priations" are addressed exclusively to the legislature, and with
them the courts have nothing to do.

7. RESPONSES TO LEGISLATIVE INTERROGATORIES.

The court does not, in responding to a question propounded by the leg-
islature, feel at liberty to anticipate a conclusion whereby the claim
of a litigant pending before it might be prejudged.

THE opinion of the court is in response to the following
resolution and request of the senate.

"Whereas, the Constitution, in section 33, article V, pro-
vides that no money 'shall be paid out of the treasury, except
upon appropriations made by law;' and,

"Whereas, certain acts of the general assembly have pro-
vided for continuing appropriations instead of specific appro-
priations, from the general or special funds in the hands of
the state treasurer; particularly, the military law, the insur-
ance law, the supreme court library law, the acts providing
for the support of state institutions, etc.; and,

"Whereas, doubts have been raised as to the constitutionality of such continuing appropriations, and it is uncertain whether or not specific appropriations should be made by this general assembly for the carrying out of the objects and purposes specified in such laws;

"Now, therefore, be it resolved by the senate that the supreme court be, and they are hereby, requested to decide the question whether or not it will be necessary for this general assembly to pass specific appropriations for the support of the state institutions, the militia, the insurance department, the purchasing of books for the supreme court library, etc.; or whether or not the continuing appropriations made in such laws are sufficient for the payment of warrants drawn upon such special funds in the hands of the state treasurer."

CHIEF JUSTICE HAYT delivered the opinion of the court.

The purpose of the clause quoted in the question propounded, is to require legislative sanction for the disbursement of the public revenue, where such disbursement is not specifically directed by the constitution. While it is necessary that something more than a duty to pay must be shown, no set form of words is necessary to constitute an appropriation. It is sufficient in this regard, if the legislative intention clearly appears from the language employed. In no instance will an appropriation be inferred from doubtful or ambiguous language.

As to those appropriations designated in the question as "Continuing Appropriations," that is, those, the payment of which is to be continued beyond the next biennial session of the legislature, we see no constitutional objection thereto. The power of the legislature, except as otherwise restricted by the constitution, is plenary over the entire subject. The power can, however, only be exercised subject to the provisions of section 16 of article X of the Constitution, by which appropriations in excess of the revenue, are inhibited. This

court, as at present constituted, is not inclined to follow the views expressed in *People v. Spruance*, 8 Colo. 530.

Under a similar provision with reference to appropriations to be found in the federal constitution, such continuing appropriations have been made by congress, apparently without question, and it has been resorted to in this state, from the time of the inception of the state government. When such appropriations are for the whole, or for a definite part of a certain special fund, we are of the opinion that they furnish sufficient authority for the disbursement of such fund.

We are aware that the cases of *Martin v. The Treasurer*, 13 Kansas, 220, and the *State v. Stover*, 47 Kansas, 119, are sometimes cited as opposed to the conclusion which we have reached. An examination of the constitution of the state of Kansas, in force at the time the first of these decisions was rendered, discloses the following provision : " No money shall be drawn from the treasury except in pursuance of a specific appropriation made by law ; and no appropriation shall be for a longer term than one year." The same provision was also in force at the time of the second decision, except that the term for which an appropriation might be made had then been extended, by a constitutional amendment, from one to two years. Bearing in mind the Kansas provision, the cases will be found not opposed to the conclusion which we have reached. Moreover, the fact, that it was deemed necessary in that state to limit the time for which an appropriation might be made, furnishes a strong argument in support of the conclusion that without such a restriction the legislature would possess the power to make an appropriation for a longer period. Otherwise, we must believe that the framers of the Kansas constitution were guilty of doing an idle and useless thing, a presumption not to be indulged.

The fact that in several of the states of this Union it has been found necessary to inhibit the making of continuing appropriations, furnishes an argument against the policy of such laws that will undoubtedly be given due weight by the legislature, but with the policy, or expediency, the courts

have nothing to do, the power of the legislature to make the appropriations being conceded.

We think the legislature will be able to apply the general principles herein announced to the several acts mentioned, as occasion for so doing may arise. In at least one case now pending in this court, private rights are claimed under some one or more of the acts mentioned, and we do not feel at liberty to anticipate a conclusion whereby the claim of any such litigant might be prejudged.

In conclusion, we call attention to the provisions of section 22 of article 5 of the state Constitution, requiring all appropriations, other than those embraced in the general appropriation bill, to be made by separate bills, each embracing but one subject. One object of this is evidently to prevent the placing in one bill, of appropriations for several purposes, and thereby combining in favor of all the advocates of each.