THE PEOPLE EX REL. HEGWER v. GOODYKOONTZ, AUDITOR.

1. OFFICERS' SALARIES A PREFERRED CLAIM.

Every officer of this state who holds his position by election or appointment, and not by contract, and whose duties are defined by statute, and are in their nature continuous and relate to the administration of the affairs of the state government, and whose salary is paid out of the public funds, is a public officer of either the legislative, executive or judicial department of the government, and his salary is a preferred claim against the state.

2. APPROPRIATIONS, CONTINUOUS—OFFICERS' SALARIES.

When the constitution or statute fixes the salary to be received by a public officer, it operates as a continuous appropriation therefor, and no further legislative sanction is necessary to authorize the proper officers to pay the same.

*Error to the District Court of Arapahoe County.*

IN THE year 1889 the legislature established the office of steam boiler inspector. The act provided that "said inspector shall receive an annual salary of two thousand five hundred (2,500) dollars and mileage at ten cents per mile, payable as other state officers."

For the purpose of carrying out the provisions of the act, the legislature made special appropriations therefor, and continued to do so until the year 1893.

At the biennial 1893 session of the legislature no special appropriation was made for this officer, although one Ferdinand H. Hegwer was the then duly authorized and acting incumbent of the office. For a portion of the year 1893 warrants or certificates of indebtedness were issued by the auditor monthly for his salary, the same as for that of other state officers, but as the state funds were running low near the close of the year, the auditor refused to issue either warrants or certificates of indebtedness for the unpaid salary of this officer. Thereupon Mr. Hegwer commenced suit by mandamus to compel the issuance of warrants for his monthly salary, and an alternative writ of mandamus was issued, which, upon the coming in of an answer, and upon the final hearing of the case, was quashed and the proceedings dismissed. To review this judgment, the relator brings the case here by writ of error.

The following provisions of our constitution and statutes bear more or less directly upon the questions presented and considered.

"No money shall be paid out of the treasury except upon appropriations made by law, and on warrant drawn by the proper officer in pursuance thereof." Art. V., sec. 33, Const.

"Except as otherwise provided in this constitution, no law shall extend the term of any public officer, or increase or diminish his salary or emoluments after his election or appointment; *provided*, this shall not be construed to forbid the general assembly to fix the salary or emoluments of those first elected or appointed under this constitution." Art. V., sec. 30.

"In all cases of accounts audited and allowed against the state, and in all cases of grants, salaries, pay and expenses, allowed by law, the auditor shall draw a warrant on the treasurer for the amount due, in the form required by law; *provided*, an appropriation has been previously made for such purpose." Sec. 1379, Gen. Laws, 1883.

"No warrant shall be drawn by the auditor, or paid by the treasurer, unless the money has been previously appro-

priated by law; nor shall the whole amount drawn for or paid under one head ever exceed the amount appropriated by law for that purpose." Sec. 1380, Gen. Laws, 1883.

The section of the statute applying to salaries of the other state officers reads as follows: " The salaries aforesaid shall be payable in monthly installments at the end of each and every month from the date of the qualification of the said officers respectively, for their respective offices, and upon request the auditor shall draw warrants upon the state treasurer accordingly in favor of the several officers aforesaid." Sec. 2994, Gen. Laws, 1883.

Mr. W. D. WRIGHT, for plaintiff in error.

Messrs. THOMAS, HARTZELL, BRYANT & LEE, for defendant in error.

CHIEF JUSTICE HAYT delivered the opinion of the court.

Two questions are presented by this record: *First.* Is the boiler inspector an officer of one of the departments of the state, and, as such, has he a preferred claim against the state for his salary? *Second.* Did the legislature make such an appropriation to pay relator's salary as made it incumbent upon the auditor to issue warrants therefor?

Since this case was determined in the court below, the first of the above questions has received the consideration of this court in the case of *Parks, Auditor, v. The Commissioners of the Soldiers' and Sailors' Home*, decided at this term, *ante*, p. 86.   It was there held " that every officer of this state who holds his position by election or appointment and not by contract, and whose duties are defined by statute, and are in their nature continuous and relate to the administration of the affairs of the state government, and whose salary is paid out of the public funds, is a public officer of either the legislative, executive or judicial department of the government, and that his salary was therefore a preferred claim against

the state." The foregoing conclusion was reached after a most careful consideration of our constitution and the authorities bearing thereon, and we find nothing in the briefs of counsel requiring a revision of the opinion then announced.

The second question has also been before the court in a number of instances, although it has not been directly passed upon. In the case of *Goodykoontz v. Acker*, 19 Colo. 360, the act under consideration provided that "the inspector of metalliferous mines shall receive a salary of three thousand five hundred (3,500) dollars per year, and ten cents per mile for mileage actually and necessarily traveled * * * to be paid monthly by the state treasurer out of any moneys appropriated for that purpose." It was urged in argument in that case, with great force, that the foregoing language constituted an appropriation; the argument then, as here, proceeding upon the doctrine, now well settled by the authorities, that no set form of words is necessary to constitute an appropriation. It is sufficient if the legislative intent to appropriate money for a specific purpose clearly appears from the statute. It was urged that, when the salary of a public officer is fixed by law, together with the time and method of payment, this constitutes an appropriation within the terms of our constitution and statutes. In response to this argument the court said: "Although the decisions are not uniform, it must be admitted that the trend of the more recent cases is in support of this argument."

It was, however, found unnecessary to determine the particular question now before the court in that case, for the reason that the act provided specifically that the salary was only to be paid "out of any moneys appropriated for that purpose;" these words, in the opinion of the court, clearly indicating a legislative intent that further action must be had in that instance to constitute an appropriation. In the course of the opinion the court calls attention to the difference in phraseology to the statute then under consideration and the provisions in nearly every other statute fixing the salaries of public officers, and concluded that the purpose of

this innovation was to make the salary in that case depend-
ent upon further legislation.

In the case at bar, however, there is no intention to make
the salary of the inspector subject to further legislation to be
inferred from anything expressed in the act. It reads:
"Said inspector shall receive an annual salary of two thou-
sand five hundred (2,500) dollars and mileage at ten cents
per mile, payable the same as other officers of the state;"
and by other acts then and now in force, other state officers
are paid in monthly installments at the end of each and
every month, the auditor being required upon request to
draw warrants upon the state treasurer for such salaries.
Nothing is left indefinite and uncertain under these pro-
visions.

In the case of *Thomas v. Owens*, 4 Md. 189, it was decided,
more than forty years ago, that where the constitution fixed
the salary to be received by public officers, this constituted
an appropriation by law, and that no legislative act, making
appropriations for such salaries, is necessary. Some courts
have drawn the distinction between a constitutional pro-
vision fixing a salary of a public officer and the statute des-
ignating a salary to be paid, but even this distinction is
termed more "nice than wise" in the recent case of *State v.
Burdick*, (Wyo.) 33 Pac. Rep. 125. The difference between
a constitutional and statutory appropriation is unimportant
in the consideration of the question now before the court.
We are simply to determine whether or not an appropria-
tion has been made for relator's salary, it being immaterial
whether that appropriation has been made by the constitution
or by statute.

The object of the constitutional provision inhibiting the
payment of money from the state treasury, except by an
appropriation made by law, etc., is to prohibit expenditures
of the public funds at the mere will and caprice of the crown
or those having the funds in custody, without direct legisla-
tive sanction therefor; but no such evil need be feared,
where, as in this case, the salary of the officer is fixed, to-

gether with the time and method of his payment. And we conclude that the act creating the office of state boiler inspector and fixing his salary, when considered in connection with other statutes, designating the time, mode and manner of payment, constitutes a continuous appropriation for such salary, and that no further legislative sanction is necessary to authorize the proper officers to pay the same.

This conclusion is in accordance with several opinions given by the attorneys general of this state to the auditor at different times, and upon which opinions the salaries of several of the state officers have in the past been paid. See Report of Attorney General of Colorado, years 1889 and 1890, pages 60 and 98; 1891 and 1892, p. 23. So, likewise, the attorney general of the state of Indiana has decided the same question in the same way. See Report and Opinions Attorney General of Ind., 1888, p. 155. This last opinion was rendered upon this state of facts: The legislature having adjourned without making any appropriations for the salaries of the officers connected with the state government for the year 1888, the question presented was whether or not such salaries should be paid by the auditor and treasurer without further legislation in the nature of special appropriations therefor. In an exhaustive and able opinion, it is held that it was the duty of the auditor to draw warrants for such salaries, and this conclusion was accepted without being questioned in the courts. See, also, *State v. Burdick, supra.*

For the reasons given, the judgment of the district court must be reversed and the cause remanded for further proceedings in accordance with this opinion.

*Reversed.*