## No. 10,144.

PEOPLE, EX REL. FULTON *v.* O'RYAN as President of the State Board of Charities and Corrections, et al.

Decided January 9, 1922.   Rehearing denied February 6, 1922.

Mandamus to compel the payment of the salary of a state official.   Writ discharged.

### *Reversed.*

1.  CONSTITUTIONAL LAW—*Appropriation Bills—Title.*  Attempted action of the legislature to create a new office in an appropriation bill, would be void under article 5, section 32 of the Constitution relating to appropriation bills, and article 5, section 21, regarding titles of acts.

2.  OFFICERS—*Void Legislation.*  Attempt by the legislature in an appropriation bill to legislate one out of office and put another in, held void as being in contravention of article 5, section 32, article 5, section 21, and the civil service amendment of the Constitution.

3.  STATUTES—*Continuing Appropriation.*  An act providing that an official shall be paid an annual salary, to be paid in the same manner as expenditures of the executive department are paid, construed to be a continuing appropriation for the payment of such salary.

    The effect of a continuing appropriation is the same as if the appropriation had been written in the appropriation bill.

*Error to the District Court of the City and County of Denver, Hon. Clarence J. Morley, Judge.*

Mr. FRANK McLAUGHLIN, for plaintiff in error.

MR. VICTOR E. KEYES, attorney general, Mr. CHARLES ROACH, deputy, for defendants in error.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

MANDAMUS to compel payment of relator's salary as secretary of the state board of charities and corrections. The writ was discharged.

The relator was secretary of the state board at the time of the passage of the so-called Civil Service Amendment to the Colorado Constitution, and it is conceded that she is a state officer under its terms, and she has not been removed nor has there been any attempt to remove her. Among the duties of the board, prescribed by the act establishing it, (R. S. 1908, C. XXII), is investigation of penal, charitable and other institutions. The relator performed this duty under the board's regulations.

The Legislature of 1921, in the general appropriation bill, made no provision for the salary of the secretary, but appropriated $1800 for the salary of "Investigator (male)". There is no such office as investigator, statutory or constitutional.

If this was an attempt to create a new office, that of investigator, it was a violation of the provision of the Constitution, Art. V, § 32, which provides that the general appropriation bill "shall embrace nothing but appropriations" and also of Art. V, § 21, with reference to titles of bills, and so void. If it was an attempt to legislate the relator out of office and put another in, it was void for the same reasons and also because in violation of the civil service amendment, for it is evident that if the legislature may merely change title of an office and attach the duties and salary of the old name to the new one, the civil service amendment is a nullity. *State ex rel. v. Burdick, State Auditor,* 4 Wyo. 272, 33 Pac. 125, 24 L. R. A. 266; *Reid v. Smoulter,* 128 Pa. St. 324, 18 Atl. 445, 5 L. R. A. 517. See also *State, etc. v. The Mayor, etc. of Nashville,* 15 Lea (Tenn.) 697, 54 Am. R. 427; *Bd. of Supervisors De Soto Co. v. Westbrook,* 64 Miss. 312, 1 So. 352; *State, etc. v. Shreveport,* 124 La. 178, 50 So. 3; *Kendall v. Raybauld,* 13 Utah, 226, 44 Pac. 1034; *Carr, Auditor v. State, &c.,* 127 Ind. 204, 26 N. E. 778, 11 L. R. A. 370, 22 Am. St. Rep. 624; *Morris v. Glover,* 121 Ga. 751, 753; 49

S. E. 786; *Thomas, Comptroller, v. Owens, Treas.*, 4 Md. 189; 1 Kent Com., 281. To prevent such things was the purpose of the amendment. *People ex rel. v. Bradley,* 66 Colo. 186, 190, 179 Pac. 871.

It is argued with some force that under these conditions we ought to construe the appropriation as intended for the secretary, but we do not find it necessary to decide that question. We think that chapter XXII, R. S. 1908, contains a continuing appropriation.

In *People ex rel. v. Goodykoontz,* 22 Colo. 507, 45 Pac. 414, the act establishing the office of steam boiler inspector, which provides that "said inspector shall receive an annual salary of $2,500 * * * payable as other state officers," was held to be a continuing appropriation, because the amount of the salary, the time and the method of payment were fixed by law. This case was approved and distinguished in *Leddy v. Cornell,* 52 Colo. 189, 120 Pac. 153, 38 L. R. A. (N. S.) 918, Ann. Cas. 1913C, 1304.

In the present case the act provides that the secretary "shall be paid for his services * * * such annual salary as shall be agreed upon by the board. All accounts and expenditures shall be paid in the same manner as the expenditures of the executive departments of the state are paid." The salary has been agreed upon by the board. The case stands, then, on the same ground as the *Goodykoontz case, supra.* See also *State v. Burdick, supra,* citing opinions of the Colorado Attorney General. *Reid v. Smoulter, supra.*

It is urged that there is no fund out of which to pay the relator's salary, but the effect of the continuing appropriation is the same as if the appropriation for the Secretary's salary had been written in the appropriation bill. *Humbert v. Dunn,* 84 Cal. 57, 24 Pac. 111, quoted in *State v. Burdick, supra.* See also *People ex rel. Hegwer v. Goodykoontz,* 22 Colo. 507, 512, 45 Pac. 414. If there is no other fund available the eighteen hundred dollars mentioned in the appropriation bill is available for that purpose.

The judgment should be reversed with directions to make the writ peremptory.

MR. CHIEF JUSTICE SCOTT and MR. JUSTICE BAILEY not participating.