## No. 10,515.

### PEOPLE, EX REL. THOMAS *v.* ROBERTS, ET AL.

Decided April 2, 1923.

Action in mandamus to compel the payment of salary of a state employe.   Judgment for respondents.

*Reversed.*        •

1. APPROPRIATIONS—*State Employe—Salary.* An investigator of the state board of charities and corrections is not a state officer, but an employe.   An appropriation for the purpose of paying an investigator, is valid.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Mr. HARRY C. RIDDLE, Mr. RICHARD F. RYAN, Messrs. GARWOOD & GARWOOD, for plaintiff in error.

. Mr. RUSSELL W. FLEMING, attorney general, Mr. CHARLES ROACH, deputy, for defendants in error. '

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

IN 1921, the relator was employed as mail clerk in the state penitentiary under the classified civil service.   By permission of the Civil Service Commission he was transferred to the Board of Charities and Corrections. as an examiner or investigator to aid that board in examining and investigating the various institutions under its supervision.   He continued in that work until he was appointed "investigator" pursuant to a provision in the appropriation bill passed by the legislature of 1921, and until this proceeding was begun which was mandamus to compel payment of his salary which had been refused because of alleged lack of appropriation.   He was transferred in accordance with the laws of the classified service, he per-

formed the services under the new employment, and, if he did not become an officer under the appropriation bill of 1921, he continued to be an employee. The appropriation in the bill of 1921, is unused and intact. In *People ex rel. Fulton v. O'Ryan,* 71 Colo. 69, 204 Pac. 86, we said that the legislature could not, in an appropriation bill, create a new office; but we did not hold that the Board of Charities and Corrections could not employ an examiner or investigator (the title is immaterial) to aid them in their work, and the appropriation for the purpose of paying an investigator was valid if he was an employee, and relator was an employee because he was not an officer.

If in *People v. O'Ryan* we said anything inconsistent with this it was not essential to the decision. Indeed we modified that opinion for the purpose of avoiding the imputation that none but officers under the law could be employed or paid.

Judgment reversed with directions to make the writ peremptory.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE WHITFORD concur.