No. 11,338.

DAVIS, State Auditor, et al. v. THE PEOPLE, ex rel. LEE, et al.

Decided October 5, 1925. Rehearing denied November 10, 1925.

Action to compel payment of salary of a state employe. Judgment for plaintiffs.

## *Reversed.*

1.  OFFICERS—*Salary—Continuing Appropriation.* The provisions of chapter 98, S. L. '17, concerning the Minimum Wage Commission, does not constitute a continuing appropriation for the salary of its secretary.

2.  STATUTES—*Repeal.* There is no such thing as an irrepealable statute.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Mr. WILLIAM L. BOATRIGHT, Attorney General, Mr. CHARLES ROACH, Deputy, for plaintiffs in error.

Mr. JACOB V. SCHAETZEL, Mr. WALTER E. SCHWED, Mr. WILLIAM F. MOWRY, for defendants in error.

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THE question for decision is purely one of law, whether the provisions of chapter 98, S. L. 1917, p. 380, C. L. 1921, sections 4263 to 4283, constitute a continuing appropriation for the salary of the secretary of the Minimum Wage Commission. If they do, the judgment below is right; if they do not, the judgment is wrong. This judgment directed the state auditor to draw his warrant to relator for her salary as such secretary, and the state treasurer to pay the same. We think the judgment is wrong. What seemed to be the compelling reason with the trial judge as shown in his opinion accompanying the findings was thus stated:

"To hold that this section does not constitute a continuing appropriation to cover the salary of the secretary when appointed, would be to say that the legislature intended that this salary might or might not be paid according to the whim of the legislature, or according to the whim of the executive." This is not a correct inference, nor is the argument based upon it persuasive. The learned trial judge must have overlooked or ignored the fact that there is no such thing as an irrepealable statute. The General Assembly at any session may repeal, in whole or in part, any statute of this nature passed at a preceding session. Then, too, many of our statutes creating offices in the respective departments make no continuing appropriation for the salary and expenses of the various officers and employees thereof. Periodical appropriations are the rule rather than the exception. The secretary and numerous assistants of the Industrial Commission, of the Colorado Tax Commission, of the State Treasurer, and Attorney General all depend upon periodical, not continuing, appropriations and such officers and employees are certainly of as great importance and as high rank as those in the minimum wage department or branch of government. Of course, the reason, that the trial judge may give for his opinion may be wrong and the decision, nevertheless, be right.

An examination of the statutes in question and previous decisions of this court, we think, require us to reverse this judgment. The language of the statute before us is that the Industrial Commission "*may* appoint a secretary". The amount of the salary is fixed and is made payable monthly. There is no provision in this act directing the auditor to draw, or the treasurer to pay, warrants for the secretary's salary, nor is the mode or manner of payment designated. The chief reliance of defendant in error is upon *People, ex rel. Hegwer v. Goodykoontz,* 22 Colo. 507, 45 Pac. 414. The court there held that the act creating the office made a continuing appropriation, but it is different in its language from the minimum wage act now before us. In the Hegwer case the section reads

(italics ours) : "The governor of the State of Colorado *shall* * * * appoint an inspector of steam boilers. * * * Said inspector *shall* receive an annual salary of two thousand five hundred (2,500) dollars and mileage at ten cents per mile, payable the same as other state officers". It will be observed that the boiler inspector act itself created the office, fixed the salary and designated how the salary shall be paid. In the minimum wage act the statute does not create or establish the office or position of secretary at all. It does not require that the Industrial Commission *shall* appoint a secretary, only that it *may,* and it does not provide the mode or manner of payment. We think the distinction between the two acts is important and vital. In *People, ex rel. Fulton v. O'Ryan,* 71 Colo. 69, 204 Pac. 86, was construed an act which established the State Board of Charities and Corrections, and it was held that the act made a continuing appropriation for the salary of its secretary. But section 3 of that act reads: "The said board *shall* appoint a secretary, * * *. All accounts and expenditures shall be paid in the same manner as the expenditures of the executive departments of the State are paid."

The case most nearly in point, and the one which we think is controlling, is *Leddy v. Cornell,* 52 Colo. 189, 120 Pac. 153, 38 L. R. A. (N. S.) 918, Ann. Cas. 1913C, 1304. Justice Bailey, in referring to the Hegwer case, said that the act concerning the office of inspector of steam boilers, which the court there held constituted a continuing appropriation, created the office itself, designated the amount of the salary and the mode and manner of payment. He then said, still referring to the Hegwer case, page 196: "The decision, (in the Hegwer case) approving that act as creating a continuing appropriation, was based upon these words found therein, 'payable as other state officers' ". In the Leddy case the decision was that the act, establishing civil service, did not constitute a continuing appropriation and the language of the act there construed is: "They (the commissioners) *may* appoint a secretary * * *.

The secretary *shall* be paid a salary not to exceed eighteen hundred dollars a year and his necessary traveling expenses". The court construed this language as not creating a continuing appropriation for any amount whatever. In the opinion Justice Bailey said that in the Hegwer case we laid special stress upon the words "payable as other state officers" and seemed to have based our conclusion, that the appropriation is a continuing one, solely upon that provision. And in further speaking of the opinion in the Hegwer case said: "The court certainly did not intend to approve the contention that a continuing appropriation is created by an act in which the time and method of payment are not fixed, because no such question was then before it." Another excerpt is also pertinent: "Indeed, the commission is not directed by the statute to appoint a secretary at all, but has power to do so should there be occasion. A secretary might never have been appointed and a salary might never have been required. In view of these facts, how can it fairly be said that the legislature created a continuing appropriation?" The act now under consideration does not create or establish the office of secretary, but merely authorizes an administrative body to appoint a secretary if it sees fit to do so. It may or may not appoint a secretary. If it does not make an appointment there will be no need of a salary. The mode and manner of payment of the salary is not designated. The Attorney General searchingly criticizes the opinion in the Hegwer case as contrary to the great weight of authority in other jurisdictions. We shall not now enter upon an investigation of that contention because it is not necessary; but our omission to do so is not to be taken as an approval of its doctrine: It is sufficient merely to say that the facts in the case before us are so essentially different from the facts in the Hegwer case and in the O'Ryan case, and are so similar to those in the Leddy case, that we must follow the latter case and reverse the judgment.

Reversed.