## No. 11,376.

### DAVIS, Auditor *v*. PEOPLE EX REL. HYDER.

#### Decided January 18, 1926.

Action in mandamus to compel payment of salary of a state employe. Judgment for plaintiff.

#### *Affirmed.*

1. APPROPRIATION—*Contingent Expense—Salaries.* The General Assembly has power to appropriate for an expense that may never be incurred, and for payment of the salary of an office that may remain vacant.

2. STATUTES—*Construction.* In construing a statute, the fundamental question is, what did the legislature intend?

3. *Continuing Appropriation—Assistant State Librarian.* Section 8271, C. L. '21, concerning employment and salary of assistant state librarian, held to contain a continuing appropriation for the salary fixed therein.

*Error to the District Court of the City and County of Denver, Hon. George W. Dunklee, Judge.*

Mr. WLLIAM L. BOATRIGHT, Attorney General, Mr. CHARLES ROACH, Deputy, for plaintiff in error.

Mr. J. A. MARSH, for defendant in error.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

UPON the relation of Annie P. Hyder the district court granted peremptory mandamus against Davis, auditor of the state, requiring him to issue to her warrants for salary as assistant librarian of the state of Colorado, the duties of which employment she had performed. The respondent's demurrer was overruled, he elected to stand, and the order for the peremptory writ followed.

The superintendent of public instruction is, ex officio, state librarian, and for forty years or so has had statutory power to appoint, and has appointed an assistant librarian whose pay has been fixed by statute and for it appropriation has been made biennially. His excellency the Governor vetoed that item in the last general appropriation bill; the relator claims, however, that the statute, C. L. § 8271, passed in 1919, under which she is appointed, contains a continuing appropriation for the salary therein fixed. Whether this claim is sound, is the question before us. We think it is.

The statute reads: "He may employ an assistant librarian * * *; said assistant shall receive an annual salary of fifteen hundred dollars ($1500) for his services, to be paid monthly from the general fund in the same manner as salaries of other state officers are now paid."

This contains a continuing appropriation because it evinces an intent to appropriate which, clear from its language, is further shown by the fact that the act, passed in 1919, was an amendment of R. S. § 5876 (which in turn was an amendment of G. L. § 2458), and added those provisions, which from the decisions in *People v. Goody-*

*koontz,* 22 Colo. 507, 45 Pac. 414, and *Leddy v. Cornell,* 52 Colo. 189, 120 Pac. 153, 38 L. R. A. (N. S.) 918, Ann. Cas. 1913C, 1304, were understood to be necessary to constitute appropriation.

There seems to be no argument against this conclusion except on the authority of certain statements in the opinion in *Leddy v. Cornell, supra,* and in *Davis v. People, ex rel. Industrial Commission,* 78 Colo. 158, 240 Pac. 942. The argument rests on the word "may" in the first line of the statute and these cases, it is urged, establish the rule that there can be no continuing appropriation for the salary of an office or employment which may never be filled. We do not think they establish such a rule.

In *Leddy v. Cornell,* the decision was put on the right ground, i. e., that the act showed no intent to make a continuing appropriation. See pp. 193-196. (It cannot, of course, be said that the General Assembly has not the power to appropriate for an expense that may never be incurred, i. e., a contingent expense, or for the payment of the salary of an office that may remain vacant.) On page 194, the opinion states the reasons for this conclusion, and among them is, that the act there in question did not direct the appointment of a secretary (the office there in question) at all, but only permitted it. This point was not without force, but the case does not hold that it alone would be enough to show that the legislature did not intend to appropriate. Another reason given on the same page was that "no definite amount as salary is fixed by the act," yet we held in *People v. O'Ryan,* 71 Colo. 69, 204 Pac. 86, that that alone was not enough. The fundamental question is: What did the legislature intend? *In Re Continuing Appropriations,* 18 Colo. 192, 193, 32 Pac. 272; *People v. Goodykoontz, supra.* The above mentioned argument and reasons are of weight, more or less, as the words establishing or permitting the appointment appear with or relate to their context.

The act in question in *Leddy v. Cornell* said: "They (the civil service commissioners) may appoint a secretary

\* \* \*. The secretary shall be paid a salary not to exceed eighteen hundred dollars a year, and his necessary traveling expenses actually incurred in the discharge of his official duties."

There was nothing to show how or from what fund the salary was to be paid, and for these reasons clearly the decision was right. 25 R. C. L. 396. It is clear also that they were the controlling grounds for it, because the opinion (pp. 195, 196) quotes from and approves the opinion in *People v. Goodyknoontz, supra,* which held that under the act of 1889, there was a continuing appropriation to pay the steam boiler inspector. Said act reads: "said inspector shall receive an annual salary of two thousand five hundred (2,500) dollars and mileage at ten cents per mile, payable as other state officers."

The opinion in *Leddy v. Cornell* recognizes that the decision in *People v. Goodykoontz* turned on the words "payable as other state officers" and says, "The act was held to create a continuing appropriation, solely because the time and method in which, and the fund from which, the salary was to be paid were distinctly pointed out. The court laid special stress upon the words 'payable as other state officers;' indeed, it seems to have based its conclusion, that the appropriation is a continuing one, solely upon that provision. That this is so abundantly appears from its language at the bottom of page 511," which language the Leddy opinion then proceeds to quote. *Leddy v. Cornell,* then, is not authority for the claim that the mere fact that the appointment is not required, but only permitted, forbids us to say that there is an appropriation.

In *Davis v. People ex rel. Industrial Commission, supra,* the act there in question, C. L. § 4264, read: "The commission *may* appoint a secretary, who \* \* \* shall receive a salary of $1,800 per annum, payable monthly."

We there held that the facts were so "essentially different from the facts in the Hegwer (Goodykoontz) case and in the O'Ryan case, and are so similar to those in the Leddy case, that we must follow the latter \* \* \*." This was

plainly right, but, although we gave the point some weight, we did not hold that a provision requiring an appointment was necessary before there could be a continuing appropriation. The only difference between the act in *Leddy v. Cornell* and that in *Davis v. Industrial Commission* was that the latter provided for a fixed salary instead of a limited one, and it made it payable monthly instead of no provision as to time. Neither provided how nor from what fund it should be paid, which were the controlling factors in *People v. Goodykoontz.*

To sum up: The use of the words "may appoint" instead of "shall appoint" is held by *Leddy v. Cornell* and *Davis v. Industrial Commission* to be of weight in determining whether an appropriation is intended, but is not held to control such determination. The real question is: What did the legislature intend? It is impossible to read the act in question, and the act which it amends, in connection with *Leddy v. Cornell*, pp. 194-196, and avoid the conclusion that the members of the General Assembly had the opinions in that case and in *People v. Goodykoontz* before them, and tried to meet the requirements therein set forth for an appropriation. It follows that their intention was to appropriate, and since their language is sufficient to show their intention, this conclusion requires us to affirm the judgment.

Judgment affirmed.

The Chief Justice thinks the statute justifies the conclusion that the legislature intended a continuing appropriation, but thinks that conclusion in conflict with *Davis v. Industrial Commission, supra,* which case he thinks was rightly decided, but on the wrong ground. He therefore concurs in the result, and, in view of the fact that a majority of the court concur in the opinion, he does not dissent.

MR. JUSTICE CAMPBELL dissents on the ground that the decision is in conflict with *Leddy v. Cornell, supra,* and *Davis v. Industrial Commission, supra.*

MR. JUSTICE WHITFORD dissenting.

The statute provides that the superintendent of public instruction "may employ an assistant." The discretion to "employ" is lodged in the superintendent, which may or may not be exercised by him. It seems clear to me that the legislature cannot be presumed to have intended to create a continuing appropriation where there was no fixed or continuing liability, or where, as in this case, the discretionary authority to "employ" might never be exercised, or might be exercised intermittently.

MR. JUSTICE CAMPBELL concurs with MR. JUSTICE WHITFORD in this dissent.