## No. 26662

**Vincente Burciaga; Mary Hendricks; and Trinidad Villalovas, on behalf of themselves and all others similarly situated v. Con F. Shea, Executive Director of the Colorado Department of Social Services; Charline Birkins, Deputy Director of the Colorado Department of Social Services and Director of the Colorado Division of Public Welfare; Margaret Marshall; Warren A. Woalaver; Manuel M. Diaz; John L. Haley; James A. Henderson; Gail F. Ouren; Henry J. Tupper; William E. Anthony and James H. Vincent, constituting the Colorado Board of Social Services**

(530 P.2d 508)

Decided November 27, 1974.

Jon S. Nicholls, Tucker K. Trautman, Sheila H. Meer, Legal

Aid Society of Metropolitan Denver, Betty Nordwind, Arapahoe County Legal Services, Brian Jeffrey, Zane Michael Pic, John Asher, Colorado Rural Legal Services, for plaintiffs-appellees.

John P. Moore, Attorney General, John E. Bush, Deputy, Irvin M. Kent, Assistant, Charles B. Lennahan, Special Assistant, Michael E. Huotari, Special Assistant, for appellants.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

This is an appeal from a preliminary injunction entered against the Colorado Department of Social Services and Con F. Shea, as executive director, invalidating certain rules promulgated by the Department. The action was brought under the Colorado Administrative Procedure Act challenging final agency action of July 12, 1974, by which the defendants repealed rules governing the Colorado program of welfare assistance to the permanently disabled, and established a program of assistance to the temporarily disabled. We affirm.

Prior to January 1, 1974, persons in Colorado who were permanently and totally disabled received benefits under a "categorical aid" program, Aid to Needy Disabled (AND). Under AND, the State received federal funds and administered the program in conformity with federal guidelines. In order to be eligible for monthly benefits in Colorado, an applicant had to establish that he was needy, disabled, and that his disability would last at least six months.

In October, 1972, Title XVI of the Social Security Act was amended in its entirety, repealing the categorical aid program and establishing the Supplemental Security Income Program (SSI). The new eligibility criteria included a requirement that the applicant show that his disability would last at least twelve months. Individuals who met the eligibility requirements under the state AND plan as in effect for October 1972, and who were receiving benefits in December 1973 were to be "grandfathered" into SSI. Added to the program was a requirement that the state

pay a supplement to the federal payment in the amount necessary to maintain the recipients' benefits at the former state level.

On December 31, 1973, one day before the program was to become effective, Congress changed the grandfather provisions. The change permitted SSI benefits to be paid only to those recipients who met the state disability definition in effect in October, 1972, and who received aid under the state plan at least one month prior to July 1973. Thus anyone who commenced receiving aid under the state's AND program after July 1973 did not qualify automatically for SSI, but was required to meet new eligibility requirements and go through a new eligibility determination.

In 1973, Colorado repealed and re-enacted the Colorado Social Services Code, Colo. Sess. Laws 1973, ch. 340, 119-1-1 *et seq.,* with specific provision governing the nature of state public assistance after the effective date of the SSI program. As re-enacted, C.R.S. 119-1-8(9)(a) and (b) and 20(1)(a) read:

''8(9)(a) Effective January 1, 1974, the programs for old age pensions, aid to the blind, and aid to the needy disabled, as established in this chapter, shall continue.

(b) At such time as Title XVI of the social security act . . . becomes effective, subject to available appropriations, the basic minimum award or assistance payable to those persons eligible for benefits under the state programs for . . . aid to the needy disabled shall be at the rate specified in the state constitution for old age pensions, as adjusted by the state board based on living costs . . . .''

''20(1)(a) For carrying out the duties and obligations . . . under the provisions of this chapter . . . the general assembly . . . shall make adequate appropriations . . . .''

The Colorado Board of Social Services, in December, 1973, began to bring the state eligibility criteria into conformity with the federal program, and the minimum durational period of disability was raised from six to twelve months.

The transition from the state AND program to the federal SSI program created immediate needs for those persons who would have qualified for AND under pre-1974 eligibility requirements, having disabilities which would last six months, but who would

not qualify for benefits under SSI with a durational requirement of twelve months. The Colorado Department of Social Services, sought to introduce legislation during the 1974 legislative session providing for the creation of a program of Aid to the Temporarily Disabled (ATD) to be defined by rule and regulation of the defendants. Since the 1974 session was a ''short session'' and since the legislation attempted to be introduced was not within the items of the Governor's call, the attempt was unsuccessful. Colo. Const. Art. V, § 7.

At that short session the General Assembly made a $500,000 appropriation from the General Fund with the following provisions:

''Temporary Disability (6 to 12 months) prorated to counties on the basis of each county's cost relative to the total cost less 20% county funds to be available upon signature through November 30, 1974.''

Then on July 12, 1974, the defendants promulgated rules, purporting to establish ATD. In addition, they repealed the rules which had governed the operation of the former AND program.

The plaintiffs in this case all met eligibility criteria for AND as of December 1973, having disabilities that would last at least twelve months. They applied and began receiving benefits after January 1, 1974. Each received monthly AND benefits from the time they were determined eligible through July, 1974. They were notified of termination of benefits effective in August 1974. None of the plaintiffs was afforded a hearing.

On August 23, 1974, District Judge Robert Fullerton entered a Temporary Restraining Order, reinstating the AND program, and reinstating plaintiffs to benefits at the level which existed prior to July 12, 1974. In September, a hearing before District Judge Henry Santo was held. The court granted plaintiffs' motion for certification as a class action. The court also granted a preliminary injunction compelling the defendants to reinstate the class to AND benefits and enjoining them from terminating AND benefits to the class without according them the opportunity for a hearing.

Defendants filed notice of appeal on October 18, 1974. The Court of Appeals, which would ordinarily handle the appeal, requested that this Court determine jurisdiction. Six days later

this Court accepted jurisdiction and ordered the appeal expedited.

## I.

The primary question on this appeal is whether the Department of Social Services had the authority to terminate the State AND program and to establish the ATD program. We agree with the trial court's reasoning and conclusions.

■ The legislation enacted in 1973 Colo. Sess. Laws, ch. 340 beginning at p. 1160, expressly provides that the program for aid to the needy and disabled shall continue. Supplementary payments, required by the new SSI program were additionally provided for in that act. Therefore, we conclude that, since January 1, 1974, Colorado has had its own AND program separate and apart from SSI. The Department of Social Services, as an agency of the state government, had no authority to set aside or circumvent the legislative mandate contained in 119-1-8(9)(a). Accordingly, as the court stated in its order of September 24, 1974, "the defendants' attempt to terminate the state funded program to AND is a nullity." For the same reason the enacted termination date of November 30, 1974, is a nullity.

## II.

■ The trial court concluded further that the defendants had no authority to establish ATD. Again we agree.

The defendants rely upon the above quoted language in the appropriations bill relating to "Temporary Disability (6 to 12 months)." Defendants interpreted the language of the bill, together with the fact that there is no specific appropriation for a basic grant for the separate state AND program, as authorization to defendants to abolish AND and to create ATD.

■ The court found that an attempt was made during the legislative session of 1974 to provide for the creation of the ATD program; and that from the record in the case, including a tape and transcript of a portion of testimony before the Joint Budget Committee of the 1974 Colorado General Assembly, the committee was aware that an appropriation for ATD would have to be supported by new independent legislation integrated into the current AND statutory framework. It is apparent from this transcript that the members of the committee realized that ATD could not be created at that legislative session unless the Governor put the

subject on his call. It was not on the call. It follows that the legislative intent was to provide for needy disabled not receiving benefits under the SSI program.

■ If the legislature were attempting to repeal the independent AND program and replace it with an ATD program, it was prohibited from doing so by both Colo. Const. Art. V, § 7 and § 32. *People ex rel. v. O'Ryan,* 71 Colo. 69, 204 P. 86 (1922). Accordingly, even if the legislature were attempting to do so, it could not constitutionally repeal AND and set up ATD without an independent enabling act, setting up statutory provision for ATD.

## III.

■ The defendants next contend that the injunction in question forces them to disburse the $500,000, not to those disabled from six to twelve months, but for the permanently and totally disabled, *i.e.,* those disabled at least 12 months. They contend that the disbursement of those funds to the plaintiffs would be contrary to explicit conditions placed upon the appropriation by the legislature. To give the legislation that interpretation would result in an independent AND program with no appropriations, and an ATD program which would be void for lack of enabling legislation, leaving Colorado with no viable independent disability program.

To give effect to the legislature's obvious intent to provide for the disabled of Colorado who are not receiving benefits from SSI, the $500,000 appropriation must be construed as an "adequate appropriation" for the AND program for which statutory framework presently exists. We so hold. *See People ex rel. v. O'Ryan, supra.*

## IV.

The trial court held that plaintiffs were denied due process in that they were not afforded a fair hearing, either before or after their benefits were terminated. Under our disposition of this matter it is not necessary to reach the question of the right of a welfare recipient, whose benefits are terminated, to a hearing, whether or not the termination is based upon a question of law or of fact.

Judgment affirmed.

MR. JUSTICE DAY does not participate.