Lee White, Executive Director Office of State Planning and Budgeting 102 State Capitol Building Denver, CO 80203
Dear Mr. White:
This is in response to your September 21, 1981 request through Maria Garcia for an attorney general's opinion on the form of legislative approval required for a lease-purchase agreement in the 1982 short session of the general assembly.
QUESTION PRESENTED AND CONCLUSION
The inquiry by Maria Garcia dated September 21, 1981 presents two legal questions as follows:
1. Does C.R.S. 1973, 24-82-102(1)(b), as amended by S.B. 376 (1981 Session), require that a lease-purchase agreement for the acquisition of real property for use by the state be approved by separate bill in the 1982 Session under the Governor's agenda pursuant to article V, section 7 of the Colorado Constitution?
 My conclusion is "yes." In the 1982 "short session" the subject of specific legislation authorizing a lease-purchase agreement must be included on the governor's agenda in order for any such agreement to be considered by the general assembly.
2. Is a special appropriation bill sufficient to manifest the legislative approval required of a lease-purchase agreement by C.R.S. 1973, 24-82-102(1)(b), as amended?
 My conclusion is "no." The wording of the specific 1981 legislative amendments contained in S.B. 376 makes it clear that prior approval of such an agreement by separate bill is mandated, and that an appropriations bill is not sufficient under subsection 24-82-102(1)(b).
ANALYSIS
C.R.S. 1973, 24-82-102 regarding the state's acquisition of real property was amended in 1981 to authorize lease-purchase agreements for such acquisitions. Subsection 24-82-102(1)(b) added the following provision regarding legislative approval of such agreements:
 (b) Any lease-purchase agreement which is entered into subsequent to the effective date of this subsection (1) shall be specifically authorized, prior to its execution, by a separate bill enacted by the general assembly. Subsequent to authorization by the general assembly in such manner, rentals and other payments by the state under any such lease-purchase agreement may be made from moneys appropriated by the general assembly without the necessity of a separate bill.
The "prior to its execution by a separate bill" language of the above-quoted amendment requires legislative review of the content and details of the agreement as a matter of general legislation. Such review cannot be accomplished via a special appropriation bill as numerous cases hold that this is violative of article V, section 32 of the Colorado Constitution governing the content of appropriation bills. MacManus v. Love,179 Colo. 218, 499 P.2d 609 (1972); Clement v. Spruance,8 Colo. 307, 6 P. 831 (1885); In re House Bill No. 168,21 Colo. 46, 39 P. 1095 (1895) and People ex rel. Fulton v.O'Ryan, 71 Colo. 69, 204 P. 86 (1922).
The inquiry asks how a lease-purchase agreement can be approved in the 1982 "short session" of the Fifty-Third General Assembly. This is governed by article V, section 7 of the Colorado Constitution which requires that general legislation be limited "to subjects designated in writing by the governor during the first ten days of the session." Appropriation bills are exempted from this requirement. However, since it is clear that specific legislation approving a lease-purchase agreement pursuant to24-82-102(1)(b) constitutes general legislation, it must be included in the governor's agenda in order to be considered by the second session of the Fifty-Third General Assembly.
The last sentence of C.R.S. 1973, 24-82-102(1)(b) makes it clear that an appropriations bill is not required after
legislative approval of a specific bill authorizing a particular lease-purchase agreement. The funding for such legislatively-approved lease-purchase is required by law to be handled in the annual "long bill" appropriation measure, and not through a special appropriations bill.
SUMMARY
The Colorado statutes governing lease-purchase agreements provided for in C.R.S. 1973, 24-82-102(1)(b) require that each lease-purchase agreement be approved by the general assembly by a specific and separate bill prior to execution. It is my opinion that such a bill constitutes general legislation requiring designation on the governor's agenda in order to be considered in an even-numbered "short session" year (1982); and a special appropriations bill is neither appropriate nor required to comply with this statute.
Very truly yours,
 J.D. MacFARLANE Attorney General
CONTRACTS LEGISLATURE
C.R.S. 1973, 24-82-102
Colo. Const. art. V, § 7
Colo. Const. art. V, § 32
PLANNING BUDGETING DEPT. Administration
Legislative approval of a lease-purchase agreement pursuant to C.R.S. 24-82-102(1)(b) requires general legislation which must be included on the Governor's agenda in a "short session"; and a special appropriations bill is neither required nor appropriate to comply with this statute.