IN RE CONSTITUTIONALITY OF AN ACT ENTITLED " AN ACT TO PROVIDE FOR THE ASSESSMENT, LEVY AND COLLECTION OF A STATE TAX, FOR THE SUPPORT AND MAINTENANCE OF CERTAIN STATE EDUCATIONAL INSTITUTIONS, MENTIONED THEREIN; TO DEFINE THE DUTIES OF THE COUNTY TREASURER IN CONNECTION THEREWITH; TO PROVIDE FOR THE ELECTION OF A TREASURER OF EACH OF SAID INSTITUTIONS, DEFINE HIS DUTIES AND TO REPEAL ALL ACTS AND PARTS OF ACTS INCONSISTENT THEREWITH."

1. LEGISLATIVE QUESTIONS.
For reasons stated in the opinion, the court, in this matter, departs from its usual practice of declining to answer a question involving the constitutionality of an existing statute.

2. CONSTITUTIONAL LAW—GENERAL APPROPRIATION BILL.
The scope of the general appropriation bill is to provide appropriations such as can be constitutionally included therein for the period of two years only.

3. SAME—SPECIAL APPROPRIATIONS.

Special appropriations must be made by separate bills, each containing but one subject.

4. CONSTRUCTION.

The word "subject," as employed in sec. 32, art. 5, of the constitution, is substantially equivalent to "purpose."

5. CONSTITUTIONAL CONSTRUCTION.

The rule that words found in the constitution are presumed to have been employed in the same sense is neither invariable nor inflexible.

6. SAME.

One object of sec. 32, art. 5, of the constitution, is to prevent the placing in one bill of appropriations for several purposes, and thereby combining in favor of all the advocates of each.

7. ACT UNCONSTITUTIONAL.

The act of March 17, 1891 (Sess. Laws, 1891, p. 338), is unconstitutional.

### Original Proceeding.

THE opinion of the court as to the constitutionality of the act whose title is above given is in response to the following preamble and resolution :

"Whereas, there has been introduced into the house of representatives of the state of Colorado, and there is now pending in said body, house bill No. 168, a copy of which is hereto attached, which bill provides, among other things, for the repeal of section one and three of an act to provide for the assessment, levy and collection of a state tax for the support and maintenance of certain state educational institutions, etc., approved March 17, 1891, and,

"Whereas, one of the main arguments used in favor of the repeal of said section is that section one of said act is unconstitutional, in that it conflicts with section 32, article 5, of the constitution of the state of Colorado ; and

"Whereas, if said section one should at any time before the expiration of the fiscal year 1896 be declared unconstitutional, then the state institutions named in said section would be left without their proper support,

"Therefore, be it resolved, that the honorable supreme court of the state of Colorado be and is hereby requested to render its opinion in writing at the earliest possible date, for

the use of this house, upon the question of the constitutionality of said section one, of the general laws.    Approved March 17, 1891."

The question was discussed by Mr. B. L. CARR, Mr. J. W. McCREERY, Messrs. RIDDELL, STARKWEATHER & DIXON and Messrs. ROBINSON & LOVE, *amici curiæ.*

PER CURIAM.    It has been the established practice of this court not to answer questions propounded by the legislature, if such questions affect private rights, or if they do not relate to pending legislation.    The question above submitted relates strictly not to a bill pending in the house of representatives, though it is asked in connection with, and as bearing upon, house bill No. 168, but it relates to the constitutionality of an act passed by the general assembly at the session of 1891.    But inasmuch as the rights of the public are involved, and the interests of the state institutions concerned are so vitally affected, and the results to them would be so disastrous were the answer, which we feel constrained to give, withheld until after the present session of the legislature, that we have concluded to depart from such practice and answer the question submitted.    This, however, must not be taken as a precedent for the right in general of the legislature to ask for information as to the constitutionality of an existing act.

Section 32 of article 5 of our constitution, which is the provision referred to, is as follows:

" The general appropriation bill shall embrace nothing but appropriations for the ordinary expenses of the executive, legislative and judicial departments of the state, interest on the public debt, and for public schools.    All other appropriations shall be made by separate bills, each embracing but one subject."

The act in question consists of four sections: Section 1 makes provision for the levy of a special tax for support of the the Agricultural College, the State School of Mines, the State

Normal School, and the Institute for Mute and Blind; one sixth of a mill to each. Section 2 sets apart and appropriates for the exclusive use of each of these so-called educational institutions the revenues derived from its respective levy, and authorizes the state auditor to draw his warrant therefor on the state treasurer in favor of the respective treasurers of these four institutions for the amount to which each is entitled. Section 3 provides for the election of a treasurer of each of these institutions, and defines his duties. Section 4 contains a repealing clause of all previous and inconsistent acts upon the same subject.

It will be observed that in the title of this act there is no mention made of an appropriation; and under the doctrine of this court laid down *In re Breene*, 14 Colo. 401, it may be questioned if this act can be held constitutional under section 21, article 5, of the constitution. But as our attention has not been specifically called to that provision, and as we consider the act invalid for other reasons, we prefer to base our conclusion upon the construction of the provision to which our attention is called.

No authority directly in point has been found by either the court or the counsel who have so materially assisted us by their labors. To sustain the constitutionality of this act, at least four assumptions must be made : *First*, that each of the four state institutions mentioned in the body of the act is a department or branch of the public schools; *second*, that appropriations such as this act carries may be made in a general appropriation bill ; *third*, that this act may properly be termed one of the general appropriation bills of the eighth general assembly; and, *fourth*, if either of the foregoing propositions is unsound, that this act was a special appropriation bill,—special as distinguished from general,—and embraces but one subject.

These four institutions are regarded by this act as educational. Whether or not they are such under sections 1 and 5 of article 8 of our constitution we need not decide ; but for the purposes of this case, let it be conceded that this act

properly classifies them. The same concession may be made
as to the second assumption above stated, and will be so
made without any ruling one way or the other. One of the
remaining questions then to be disposed of is: Was this
measure before its enactment a general appropriation bill?

The general appropriation bill always has been, and should
be, to provide appropriations such as can constitutionally be
included therein for the period of two years only. It is a
temporary measure, and must be renewed at each session of
the legislature. Nothing of a permanent nature ought to be,
and under the provisions of section 32 nothing of that kind
can be, embraced therein.

Here we have in this act a provision for a permanent and
continuing levy and appropriation of a tax, and a section
which, in detail, provides for the election of a treasurer of
each institution, and specially defines his duties. Such af-
firmative legislation, while it may not make the whole act
invalid, cannot be included in a general appropriation bill,
nor can such a bill be termed a "general appropriation bill."
See *People ex rel. v. Spruance,* 8 Colo. 307.

True it is that there may be, and frequently are, passed
at each session of the legislature two or more bills carrying
general appropriations; but we find upon examination of the
session laws from the first session of our legislature until
the present time that those bills, which may be denominated
"general appropriation bills," enacted early in the session, in-
variably made appropriations to provide for current or ordi-
nary expenses to cover the period intervening between the
close of the previous fiscal year and the time when the gen-
eral appropriation bill proper may be passed at the close of
the session, at which time, and not before, the legislature can
know with reasonable certainty the probable amount of the
revenue which the constitutional rate of taxation will yield.
They were intended only as parts of the general appropria-
tion bill to be passed later, and the amounts carried by all
contemplated the general appropriation for the two years.

But even if appropriations for these institutions might prop-

erly be made by the legislature in a general appropriation bill, this act cannot be considered as having been a general appropriation bill for the reasons given above; and, besides, the title of the act shows that the general assembly did not so consider it. The provisions for the levy of the tax and for the election of a treasurer are affirmative matters, and are not properly embraced within a general appropriation bill.

We hold, then, that this bill, which merged into this act, was not a general appropriation bill. Therefore the bill, before its passage, having been a special appropriation bill, its validity is to be determined by the proper construction of section 32.

Sections 21 and 32 of article 5 of our constitution, however, are both so intimately connected with the question before us that they should be considered together. Section 21 applies to all bills except the general appropriation bill. It provides that no bill, with the exception of the general appropriation bill, shall be passed containing more than one subject, which shall be clearly expressed in its title. It will be observed that not only are all bills of a general character within its purview, but also all appropriation bills other than the general appropriation bill. So that, so far as the limitations of this section are concerned, the general appropriation bill may contain as many subjects as are properly within the power of the general assembly to make provision for. It will also be observed that, as to all other appropriations by the special injunction of the same section, each bill therefore must contain only one subject.

To make clear beyond question the conclusion which we have reached, a brief statement of the reasons for the incorporation of this section will assist us. In language more or less variant, it is said that one of the objects was to prevent the combining of disconnected or incongruous subjects into one bill, and thereby gaining a support for all as grouped together, which, as separate bills, each, alone, could not command. Not content with this safeguard, which applies to every kind of a bill except the general appropriation bill, the

framers of our organic act adopted section 32. It applies only to bills which carry appropriations, and divides them into two general classes: *First*, the general appropriation bill; *second*, all other bills carrying appropriations, or special appropriation bills.

It is true that the people are affected more or less by any bill which is merged into law; but in a peculiar sense are they interested in measures which disburse the public revenue. The public revenue, whether derived from taxation which falls upon all classes alike, or whether derived from other sources, belongs equally to the people. Thus, properly considering the situation, the wisdom and foresight of the members of the constitutional convention have been amply justified by section 32. All bills other than appropriation bills had been sufficiently guarded by section 21 in the requirement that each general subject of legislation must have its separate bill, so that it should stand or fall upon its own merits. But the evils and dangers of combinations and "logrolling" in the matter of the appropriation of public revenue were so great that a separate provision was inserted in our constitution to protect it from improvident disbursements. So section 32 regulates the two general classes of appropriation bills by providing that even the general appropriation bill shall embrace nothing but appropriations for the ordinary expenses of the three great departments of state, interest on the public debt, and the public schools, and that all other appropriations shall be made by separate bills, each embracing but one subject. Both sections, therefore, apply to appropriation bills, and these are doubly guarded.

Whether we construe "each" as qualifying and referring to "bill," or hold that "each" refers to "appropriation,"—as to which we express no opinion,—the same conclusion follows. Section 32 was adopted not merely to make emphatic the exception found in section 21. Its special office is to guard against improper appropriations of the public revenue, and to impose restrictions upon the manner of making the same, not contained in, and in addition to those found in, section

21.　Whatever may be the meaning that should be given to the word "subject" in section 21, we are satisfied that it is consonant with, and effectuates, the further restrictions sought to be imposed by section 32, to give "subject" as found in this latter section a meaning substantially equivalent to "purpose." Instead of the word "subject" in section 21 of our constitution, the constitutions of some of the other states have in like provisions the word "object." Some states, as in Texas and New York, give to "subject" a less restrictive meaning than "object." Others, like Michigan, regard these words as substantially synonymous. The rule that words found in the same constitution are presumed to have been employed in the same sense is neither invariable nor inflexible. It is purely an arbitrary rule,—one that rests upon presumption merely,—and in its application is of but slight force, and readily yields where a contrary intent is apparent. Cooley on Const. Lim. (5th ed.), p. 75.

A definition has already practically been given to this provision *In re Continuing Appropriations*, 18 Colo. 192, where this court says: "One object of this [section] is evidently to prevent the placing in one bill of appropriations for several purposes, and thereby combining in favor of all the advocates of each."

The object of this act, of course, was to provide money for the support of these four institutions. The appropriation for each certainly constitutes one purpose, one subject, each separate and distinct from each of the other three, and each should be made to depend for passage or defeat solely upon its own merits. As there are four institutions to which the proceeds of the tax levied are to be applied and exclusively devoted, it follows that there are four distinct subjects or purposes of appropriation contained in one act, which is inhibited by section 32 of the constitution. To give the word "subject" a meaning broader than this would destroy one of the objects of this constitutional provision. To give it the broad meaning for which the contention is made would logically permit the legislature in one bill, entitled "An Act

to Provide for an Appropriation to Defray the Expenses of the Government," to make appropriations for every conceivable and possible object within the power and contemplation of the legislature to provide for, and would tolerate the combining into one special bill appropriations for every state institution and arm of the government, and thus make of a special bill a broader and more comprehensive measure than the general appropriation bill itself. Such an interpretation would really make, under our constitution, only two appropriation bills—one, the general appropriation bill, containing the subjects which section 32 of the constitution specifies as properly included therein; the other, a special bill to defray the expenses of the state government, and embracing every subject not comprehended in the general appropriation bill. It is conceded that, logically, such would be the result of giving to the word any broader meaning than we have given it. But such interpretation is clearly negatived by that clause of section 32 which divides into two classes all appropriation bills, viz. the general appropriation bill, and all other appropriation bills, which clearly contemplates that there shall be, and necessarily must be, as many appropriation bills as there are subjects or purposes of appropriation.

For the reasons given, we hold that the act is unconstitutional.