MR. JUSTICE KELLEY
delivered the opinion of the Court.
Defendant, Michael John Larkin, was indicted by the grand jury for Boulder County on June 16, 1971 for (1) having an incendiary device under his control contrary to 1971 Perm. Supp., C.R.S. 1963, 53-7-12,[1] and (2) conspiring to possess explosives or incendiary devices contrary to C.R.S. 1963, 40-7-35. Defendant was convicted by a jury. The defendant maintained in the trial court and asserts here that the statute on which both counts were based was enacted contrary to Article V, Section 7 of the Constitution of Colorado. We agree and therefore reverse and remand the case.
*365 The challenged section was enacted by the general assembly on April 1, 1970, during the so-called “short” session. Colo. Sess. Laws 1970, Ch. 55, p. 188. Article V, Section 7 of the Colorado Constitution provides in pertinent part:
“The general assembly shall meet in regular session at 10:00 a.m. on the first Wednesday after the first Tuesday of January of each year, but at such regular sessions convening in even numbered years, the general assembly shall not enact any bills except those raising revenue, those making appropriations, and those pertaining to subjects designated in writing by the governor during the first 10 days of the session . . . .” (Emphasis added.)
The sole issue for determination is whether the subject matter of the section was designated in writing by the Governor during the first 10 days of the session.
Pursuant to the constitution, the Governor submitted written messages to the legislature on January 7 and January 16, 1970, designating subjects for legislative action. The section in question is part of “The Explosives Act,” 1971 Perm. Supp., C.R.S. 1963, 53-7-1, et seq. This act was enacted in response to the Governor’s “call” of January 16, 1970, for consideration of “legislation concerning safety inspection by the Division of Labor of the Department of Labor and Employment.”
“The Explosives Act” provides for the issuance of permits, after investigation and inspection, by the Division of Labor in the Department of Labor and Employment for the manufacture, sale, transportation, storage, and use of explosives. The act further provides that the doing of any of the above acts without first obtaining a permit is a misdemeanor. These provisions and the other sections of the act relating to the issuance of permits are clearly within the scope of the Governor’s designation. Likewise, the enforcement of these provisions through the criminal sanctions imposed for the failure to obtain a permit is reasonably related to the legislative purpose.
However, we can find no rational nexus between section 53-7-12 and the safety inspections designated in the *366 Governor’s message of January 16, 1970. Section 53-7-12 creates a substantive criminal offense that is in no way related to enforcement of the regulatory scheme created by “The Explosives Act.” Thus, this section was enacted in violation of Article V, Section 7 of the Colorado Constitution and is void. Since the underlying substantive offense is of no effect, the conspiracy to commit it is likewise void. Dressel v. People, 174 Colo. 238, 483 P.2d 367 (1971); Salazar v. People, 166 Colo. 508, 445 P.2d 60 (1968); Olde v. People, 112 Colo. 15,145 P.2d 100(1944).
We note that 1971 Perm. Supp., C.R.S. 1963, 53-7-12 was reenacted as part of the 1971 Permanent Supplement to the Colorado Statutes. Colo. Sess. Laws 1972, Ch. 101, pp. 623, 624.
We reverse and remand the case to the district court with directions to vacate the judgment of conviction.

“Any person who shall have in his possession, or under his control, any explosive device, including a bomb or similar device containing explosives, or any incendiary device or molotov cocktail, intending to use, using, or causing the use of, such explosive or device for any unlawful purpose, shall be guilty of a felony, and upon conviction thereof, shall be subject to the penalty prescribed by section 53-1-3.”