Honorable Richard D. Lamm Governor, State of Colorado Executive Chambers State Capitol Denver, Colorado 80203
Dear Governor Lamm:
This is in response to your January 31, 1980 letter requesting my opinion on Senate bill 20 (1980 Sess.).
QUESTIONS PRESENTED AND CONCLUSIONS
The two questions presented by your letter and my conclusions are as follows:
1. Does Senate bill 20 come within the scope of any agenda item for the 1980 legislative session?
 In my opinion, Senate bill 20 is within the scope of the call. However, I stress that this is a close question and, because of the absence of direct precedents, a court might well find that the bill is beyond the scope of the call.
2. Can a party challenge a loan, secured by a first mortgage or deed of trust lien against a dwelling to finance the acquisition of that dwelling or to refinance an existing loan made for that purpose, when the loan is made at an interest rate greater than 13 percent and is made after the effective date of Senate bill 20, on the grounds that the statute authorizing such loans (Senate bill 20) is invalid for being beyond the scope of the agenda, even if the bill has been signed by the Governor?
My answer to your second question is "yes."
ANALYSIS
If enacted into law, Senate bill 20 would amend the Uniform Consumer Credit Code (UCCC) to exempt first home mortgage loans from the coverage of the UCCC. At present, such loans are subject to the licensing provisions of the UCCC if the interest rate charged exceeds 13 percent. 1979 Colo. Sess. Laws ch. 52. If such loans are subject to the licensing provisions of the UCCC, the effect is that penalty charges are prohibited for late payment and for prepayment of the loans.
Senate bill 20 was introduced on January 2, 1980, the first day of this session of the general assembly. It passed the senate on January 9 and was introduced in the house on January 10. The question whether Senate bill 20 was within the call was raised in the house on second reading on January 25. Attempts to amend the bill were defeated and the bill was passed by the house on January 28.
Under the constitution, the Governor must designate the matters to be considered by the general assembly in even-numbered years and he is required to make that designation within the first 10 days of the session. Colo. Const. art. V, § 7. It is expressly stated in the constitutional provision cited that the general assembly may enact no bill unless it is a revenue raising bill, an appropriation bill or it pertains to a subject designated by the Governor. Accord, People v. Larkin,183 Colo. 363, 517 P.2d 389 (1973); Burciaga v. Shea,187 Colo. 78, 530 P.2d 508 (1974). During the first 10 days of the 1980 session, you as Governor sent four letters to the general assembly listing items for its consideration.
Amendments to the UCCC were proposed in items 40 and 41 of the Governor's January 11, 1980 Call. Those items provide:
 40. Concerning the exclusion from the definition of "consumer loan" in Colorado Revised Statutes 1973, 5-3-105, as amended, of any first mortgage loan made by a "supervised financial organization," as defined in Colorado Revised Statutes 1973, 5-1-301(17), to finance or refinance the construction or acquisition of a dwelling.
 41. Expanding the definition of "supervised financial organization" in Colorado Revised Statutes 1973, 5-1-301(17), to include an FHA approved mortgagee or a mortgage lender registered with the Savings and Loan Division whose tax and insurance escrow accounts have been satisfactorily examined by the Savings and Loan Division, or satisfactorily audited by an independent certified public accountant approved by the Savings and Loan Division.
Item 40 asked the legislature to consider the exemption from the UCCC of first home mortgage loans made by supervised financial organizations. Item 41 asked the legislature to consider expanding the definition of "supervised financial organizations." Presently, the definition includes institutions such as banks, savings and loan associations and credit unions. See
official comment to C.R.S. 1973, 5-1-301(17). Item 41 proposed expanding the existing definition to include FHA approved mortgagees and lenders registered with the Savings and Loan Division whose escrow accounts have been independently audited.
Unlike item 40, Senate bill 20 is not limited to loans made by supervised financial organizations. It exempts from the UCCC all first home mortgage loans, regardless of the status of the person or company making the loan.
In my opinion, it is within your discretion to draft a narrow call item and I consider the subject of call item 40 to be the exemption from the UCCC of first home mortgage loans made by supervised financial organizations. See my opinion dated January 31, 1980 to Senator John R. Beno for a discussion of the relevant case law. See also Arrow Club v.Nebraska Liquor Control Commission, 131 N.W.2d 134 (Neb. 1964).
It is apparent that call items 40 and 41 were carefully drafted to ensure protection of the borrowing public if the ceiling on home mortgage loans were raised or removed. Item 40 was intentionally limited to supervised financial organizations because the pervasive regulation of such organizations does ensure some measure of consumer protection. By extending the UCCC exemption to unsupervised lenders, Senate bill 20 falls outside both the spirit and the letter of item 40.
It has also been suggested that Senate bill 20 comes within item 5, "concerning housing," on the January 4, 1980 call. Item 5 is very broadly phrased and, in my opinion, Senate bill 20 pertains to item 5.
The contrary argument can be made that, despite the wording of item 5, Senate bill 20 is not within the call. Some authorities suggest that, in a manner analogous to statutory construction, the Governor's Call must be read as a whole. 1 Sands,Sutherland's Statutory Construction, section 5.03 at p. 138 (1972 ed.). Under this theory, item 5 must be interpreted in light of items 40 and 41. The term "housing" as used in item 5 would be construed as not including the matters covered in items 40 and 41.
Although I do not find the statutory construction analogy persuasive, it is a close question. Given the lack of precedent on this issue, a court could reasonably conclude that Senate bill 20 is outside the call.
The second question asked in your letter was whether the constitutionality of Senate bill 20 could be challenged under article V, section 7 if it were signed by the Governor. This question is addressed in 1 Sands, supra, section 5.02 at p. 128:
 The ingenious argument has been put forth that by signing a bill which is outside his original call the Governor assents to the enactment of the legislation, and therefore it should be sustained. Because this would defeat the purpose of the constitutional requirements, which is to give notice to the public of intended legislative action, the courts have rejected the argument.
In People v. Larkin, supra, the court invalidated a part of "The Explosives Act" even though the Act had been approved by the Governor. See 1970 Colo. Sess. Laws ch. 55, p. 188 (approved April 1, 1970).
SUMMARY
If Senate bill 20 is enacted into law, it is subject to challenge under article V, section 7 of the Colorado Constitution. It is my opinion that the bill is beyond the scope of item 40 on the January 11, 1980 call but is within item 5 of the January 4, 1980 call. A person who has proper standing can challenge the constitutionality of Senate bill 20 even if you have signed the bill.
Very truly yours,
 J.D. MacFARLANE Attorney General
GOVERNOR LEGISLATIVE BILLS UNIFORM CONSUMER CREDIT CODE
S.B. 20 (1980)
C.R.S. 1973, 5-3-105 (1979 Colo. Sess. Laws ch. 52)
Colo. Const. art. V, § 7
EXECUTIVE BRANCH Governor, Office of LEGISLATIVE BRANCH General Assembly LAW, DEPARTMENT OF Uniform Csm. Credit Code
S.B. 20 (1980 Session) was within the scope of item 5 on the Governor's January 4, 1980 Call although not within item 40 of the Governor's January 11, 1980 Call.