The Honorable Richard D. Lamm Governor of the State of Colorado Executive Chambers 136 State Capitol Building Denver, CO 80203
Dear Governor Lamm:
Your request for my opinion was received on March 4, 1980.
QUESTION PRESENTED AND CONCLUSION
You have asked whether H.B. 1135 (1980 Sess.) is within the scope of the Governor's Call.
In my opinion, it is not.
ANALYSIS
H.B. 1135 is entitled "Concerning Railroad Crossings of Public Highways." The bill would amend C.R.S. 1973, 40-4-106, which is part of the Public Utilities Commission's statute, to require the commission to approve the expansion from two to four lanes of a public highway at a railroad crossing when certain conditions set forth in the bill are met.
Reviewing the Governor's Call for this session, it appears that H.B. 1135 may have been intended to come within item 52 or item 54 of the January 11, 1980 call.
Item 54 provides:
 Concerning railroad grade separations and crossing signals.
H.B. 1135 contains no reference to grade separations and, in fact, appears to address only the expansion of two lane at-grade crossings. See, e.g., H.B. 1135 at p. 2, lines 2-4.
Crossing signals are addressed in section 1 of the bill which states that the Public Utilities Commission shall authorize the expansion of a highway "including the alteration or relocation of safety signals and devices as necessary. . . ." Section 1 also provides that the full cost of crossing expansion, including signal relocation, shall be paid by the political subdivision requesting the expansion.
Existing law now gives the commission authority to order the installation or relocation of crossing signals when a crossing is widened. C.R.S. 1973, 40-4-106(2)(a) and (b). Thus cost allocation is the only change made by H.B. 1135 with respect to crossing signals.
Colorado case law interpreting the Governor's Call holds that a bill must have a "rational nexus" to an item designated by the Governor. People v. Larkin, 183 Colo. 363,517 P.2d 389 (1973). In Larkin, the court held that a portion of a bill lacked the required rational nexus. Since that portion of the bill was severable from the rest of the bill the court invalidated the offending section.
With respect to H.B. 1135, only the cost allocation for crossing signals has a rational nexus to item 54. The heart of the bill (i.e., the requirement that the Public Utilities Commission automatically approve a crossing expansion when the conditions set forth in the bill are met) has no rational nexus to crossing signals. Since the cost allocation of crossing signals is not severable from the rest of the bill, it is my opinion that H.B. 1135 is not within item 54.
Item 52 states:
 Concerning the financing of public highways, and repairs and improvements thereto, by issuance of bonds and revenue anticipation warrants.
As I have discussed in previous opinions, the Governor has the discretion to submit a narrowly drafted call item requesting the legislature to consider a specific problem. See my January 31, 1980 opinion to Senator Beno regarding S.B. 65 (1980 Sess.); and my February 7, 1980 opinion to you regarding S.B. 20 (1980 Sess.).
Item 52 is limited to financing public highways by issuing bonds and anticipation warrants. Two problems are raised by attempting to fit H.B. 1135 within item 52. First, the bill does not provide for financing improvements by bonds and anticipation warrants. Although the bill as originally drafted stated that the crossing expansion was to be funded by bonds, the bill was amended to permit payment by any method including the issuance of bonds.See H.B. 1135 at page 2, line 6.
Second, even assuming that the financing provision of H.B. 1135 had not been amended, I question whether the bill as a whole would have rational nexus to item 52. See Peoplev. Larkin, supra, discussed above. Thus, I have concluded that H.B. 1135 is not within item 52.
SUMMARY
For the reasons discussed above, it is my opinion that H.B. 1135 is not on the Governor's Call.
Very truly yours,
 J.D. MacFARLANE Attorney General
GOVERNOR
LEGISLATIVE BILLS
PUBLIC UTILITIES
H.B. 1135 (1980)
C.R.S. 1973, 40-4-106
Colo. Const. art. V, § 7
EXECUTIVE BRANCH
Governor, Office of
LEGISLATIVE BRANCH
General Assembly
REGULATORY AGENCIES, DEPT.
Public Utilities Comm.
H.B. 1135 (1980 Session) was not within either item 52 or item 54 of the Governor's January 11, 1980 Call.