Honorable Richard D. Lamm Governor State of Colorado Executive Chambers State Capitol Denver, CO 80203
Dear Governor Lamm:
This is in response to your letter of March 28, 1980, in which you request an opinion on several questions concerning the reengrossed version of H.B. 1264 (1980 Session). Your questions will be addressed in the order asked.
QUESTIONS PRESENTED AND CONCLUSIONS
1. Which section of H.B. 1264 (reengrossed version) may be enacted this legislative session by virtue of being either a revenue raising measure or within the scope of an agenda item?
 It is my opinion that sections 1-28, 30 and 33 of H.B. 1264 are either revenue-raising matters, as that term has been defined and used, or appropriations, or are within the scope of the call. Under the Colorado Constitution, article V, section 7, these matters may be considered this session. However, sections 29, 31 and 32 do not come within any of these categories and therefore may not be enacted this year.
2. and 3. May all the sections be included within a single bill title? If not, which sections may not be included within a single bill title?
 Because of my opinion that sections 29, 31 and 32 may not be enacted this session, it is unnecessary to answer questions 2 and 3 with respect to these three sections.
 It is my opinion that sections 1 through 28 and section 30 may be included in the bill under the title of "Concerning the Fiscal Policy of the State." However, section 33 may not properly be included in the bill, as this section includes two distinct appropriations each of which should be in a separate bill in accordance with the Colorado Constitution, article V, section 32.
ANALYSIS
1. Article V, section 7, Colorado Constitution, details matters to be considered by the general assembly in even-numbered years:
 (B)ut at such regular sessions occurring in even numbered years, the general assembly shall not enact any bills except those raising revenue, those making appropriations, and those pertaining to subjects designated in writing by the governor during the first 10 days of the session.
a. Sections 1-28
Sections 1 through 28 of H.B. 1264 relate to individual and corporate income taxes, as well as sales and use taxes. These sections provide for the reduction of these taxes, with a resulting decrease in revenue.
The question concerning these sections is whether provisions decreasing revenue come within the scope of the constitutional term "revenue raising."
It has been the consistent opinion of the attorney general that legislation which decreases taxes, and thus revenues, is within the scope of the term "raising revenues." (See opinions enclosed dated February 3, 1966 and April 23, 1976.) Thus, sections 1 through 28 are to be considered revenue raising, and may be considered this session.
b. Section 29
Section 29 amends the local sales tax collection statutes. Currently local sales taxes take effect on either January 1 or July 1 following the election. However, if the election is less than 120 days prior to the January 1 or July 1 following the election date, the tax is not effective until the next January 1 or July 1. The amendment would reduce the time period to 45 days so that, for example, a local sales tax approved in early April at the regular municipal election would be effective July 1 rather than January 1.
However, this section is not a "revenue raising" provision as that term refers only to state revenue. (See enclosed attorney general opinion No. 60-3363, dated January 21, 1960.) Nor is it an appropriation measure. And it does not come within any item on the Governor's Call. Therefore, it cannot be considered this session.
c. Section 30
Section 30 amends the Colorado Water Conservation Board Construction Fund statute by repealing the provision requiring "that any cash balances in excess of ten million dollars shall revert to the general fund."
This provision is not revenue raising, and it does not appear to be an appropriation. However, this provision comes within call item 3, January 4, 1980, list: "To increase the Colorado Water Conservation Board Construction Fund."
d. Sections 31-32
Section 31 amends the "seven percent limitation" statute by expressly authorizing that money in the Special Reserve Fund can be used for highways and water projects. Section 32 makes this provision effective July 1, 1980.
These sections are neither revenue raising nor appropriations. Therefore, they must be within the scope of the Governor's Call to be considered this session.
The highways provision does not appear to be on the call. The one call item relating to highways is number 52 on the January 11, 1980 list, "concerning the financing of public highways, and repairs and improvements thereto, by the issuance of bonds and revenue anticipation warrants." However, in an earlier opinion, I concluded that the subject of item 52 was the financing of highway projects by the issuance of bonds and revenue anticipation warrants. (See opinion on H.B. 1135 dated March 17, 1980.) While section 31 does relate to the financing of highways, it does not relate to financing highways by anticipation warranties.
The water projects provision is neither revenue raising nor an appropriation but it does appear within the scope of Call item 3, January 4, 1980 list. This analysis is supported by section 33 of H.B. 1264 which does in fact appropriate $40 million to that specific water project fund.
Given that one phrase in section 31 is not on the call, and another is, the next question relates to severability. C.R.S. 1973, 2-4-204 provides the rule of construction on severability. A void provision is severable unless the valid provisions are so essentially and inseparably connected with, and dependent upon, the void provision that it cannot be presumed the general assembly would have enacted the valid provision without the void provision. Also a void provision is severable unless the valid provisions remaining alone, are incomplete and incapable of being executed in accordance with the legislative intent.
In applying the standards of this statute, the language of section 31 which is not within the scope of the call would be void, and the remainder of the amending language, "and for water projects" would remain. People v. Larkin,183 Colo. 363, 517 P.2d 389 (1973).
e. Section 33
Section 33 is an appropriation of moneys formerly in the general fund which have been placed in a special tax relief reserve fund. There is appropriated $60 million to the Highway Users Tax Fund and $40 million to the Colorado Water Conservation Board Construction Fund.
Both parts of this section are properly characterized as appropriations. They are labelled in the bill as appropriations. They are for specific amounts of money for a specific fiscal year, July 1, 1980 — June 30, 1981. They are a transfer of moneys to special funds to be used for special purposes. Therefore, section 23 is an appropriation provision and can be considered this session. It should be noted that in addition, the appropriation to the Water Conservation Board Construction Fund would come within call item 3, January 4, 1980, list.
2. and 3. The next inquiry relates to whether all of the sections of H.B. 1264 can be included within the bill title. Because of my opinion in response to question 1, that sections 29, 31 and 32 may not be enacted this session, it is unnecessary to answer questions 2 and 3 with respect to those sections.
The title of H.B. 1264 is as follows:
 Concerning the Fiscal Policy of the State, and Providing for the Elimination and Reduction of Tax Revenues and For the Disposition of Excess State Revenues, and Making Appropriations in Connection Therewith.
Under the usual rules of construction, the general subject of the bill is "Concerning the Fiscal Policy of the State." This appears to comply with the requirements of article V, section 21 of the Colorado Constitution.
In analyzing the section of the bill pertinent here, there are four principal components: 1) tax reduction and elimination (sections 1-28); 2) permitting the Water Conservation Board Construction Fund to retain any cash balance in excess of $10 million (section 30); 3) a $60 million appropriation to the Highway Users Tax Fund (section 33); and 4) a $40 million appropriation to the Water Conservation Board Construction Fund (section 33).
Each of these components of H.B. 1264 is "germane" to the fiscal policy of the state. See, e.g., Peopleex rel. Seeley v. Hall, 8 Colo. 485, 9 P. 34 (1885);Clare v. People, 9 Colo. 122, 10 P. 799 (1886). Were the analysis to rest here, there would be no constitutional problem.
However, the appropriations in section 33 must be subjected to the further scrutiny imposed by article V, section 32, Colorado Constitution, which reads as follows:
 Section 32. Appropriation bills. The general appropriation bill shall embrace nothing but appropriations for the expense of the executive, legislative and judicial departments of the state, state institutions, interest on the public debt and for public schools. All other appropriations shall be made by separate bills, each embracing but one subject.
(Emphasis added.)
H.B. 1264 is clearly not the general appropriations bill (see H.B. 1265). Therefore, all other appropriations must be made in separate bills.
The seminal Colorado case on this issue, still followed to this day, is In Re House Bill No. 168, 21 Colo. 46
(1895). At issue was a bill which included a provision for the levy of a special tax for support of four educational institutions, and another provision appropriating the revenues from the levy to each institution.
The court held that the bill violated article V, section 32, Colorado Constitution, because this was not the general appropriations bill. Therefore, each appropriation to each school was a separate and distinct subject, or "purpose of appropriation," and "each should be made to depend for passage or defeat solely upon its merits" (21 Colo. at 53).
The court discussed at length the special need for section 32 of article V, and how it is to be applied given section 21 of article V:
 To make clear beyond question the conclusion which we have reached, a brief statement of the reasons for the incorporation of this section will assist us. In language more or less variant, it is said that one of the objects was to prevent the combining of disconnected or incongruous subjects into one bill, and thereby gaining a support for all as grouped together, which, as separate bills, each, alone, could not command. Not content with this safeguard, which applies to every kind of a bill except the general appropriation bill, the framers of our organic act adopted section 32. It applies only to bills which carry appropriations, and divides them into two general classes: First, the general appropriation bill; second, all other bills carrying appropriations, or special appropriation bills.
 It is true that the people are affected more or less by any bill which is merged into law; but in a peculiar sense are they interested in measures which disburse the public revenue. . . . Thus, properly considering the situation, the wisdom and foresight of the members of the constitutional convention have been amply justified by section 32. . . . But the evils and dangers of combinations and "log-rolling" in the matter of the appropriation of public revenue were so great that a separate provision was inserted in our constitution to protect it from improvident disbursements. . . . Both sections, therefore, apply to appropriation bills, and these are doubly guarded.
 Whether we construe "each" as qualifying and referring to "bill," or hold that "each" refers to "appropriation," — as to which we express no opinion, — the same conclusion follows. Section 32 was adopted not merely to make emphatic the exception found in section 21. Its special office is to guard against improper appropriations of the public revenue, and to impose restrictions upon the manner of making the same, not contained in, and in addition to those found in, section 21.
 A definition has already practically been given to this provision in In re Continuing Appropriations, 18 Colo. 192, where this court says: "One object of this / section / is evidently to prevent the placing in one bill of appropriations for several purposes, and thereby combining in favor of all the advocates of each."
21 Colo. at 51-53 (emphasis added).
Based upon the above-described analysis, the two appropriations in section 33 are special appropriations, and as such, each must be made by separate bills.
It is important to reiterate that section 33 is an appropriation provision. The bill, in the title and in the text, state that these are appropriations. These are appropriations for one fiscal year for a specified dollar amount. And, at least as to the Highway Users Tax Fund, there is no further act the general assembly takes, as the HUTF moneys do not need appropriation by the general assembly.
Therefore, it is my opinion that sections 1-28 and 30 may be included within one bill, and under the title of H.B. 1264. Section 33, making appropriations to the HUTF and the Colorado Water Conservation Board Construction Fund, although arguably within the title, may not be included in the bill because of article V, section 32, Colorado Constitution.
SUMMARY
All of the sections of H.B. 1264 may be enacted this legislative session with the exception of sections 29, 31 and 32. As to whether all of the sections of the reengrossed version of H.B. 1264 may be included within the bill, a response is unnecessary as to sections 29, 31 and 32. Sections 1-28 and 30 of the bill may be included within one bill, under one title. Section 33, making appropriation to the Highway User Tax Fund and to the Water Conservation Board Construction Fund may not be included within this one bill because of article V, section 32, Colorado Constitution.
Very truly yours,
 J.D. MacFARLANE Attorney General
LEGISLATIVE BILLS
GOVERNOR
H.B. 1264 (1980)
Colo. Const. art. V, secs. 7, 21 and 32
EXECUTIVE BRANCH
Governor, Office of
Certain provisions of H.B. 1264 (1980 Session) could not constitutionally be enacted all as a part of that bill because of art. V, secs. 21 and 32.